Filed 7/28/22

*See concurring and dissenting opinions*

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Petitioner, | E077594 |
| v. | (Super.Ct.No. APR12100013) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| JESSICA ORTIZ, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for extraordinary writ of mandate and/or prohibition. Dean Benjamini, Judge. Petition granted.

Michael A. Hestrin, District Attorney, and Emily R. Hanks, Deputy District Attorney, for Petitioner.

No appearance by Respondent.

Steven L. Harmon, Public Defender, and Jason M. Cox, Deputy Public Defender, for Real Party in Interest.

Bartell, Hensel & Gressley, Donald J. Bartell, Lara J. Gressley and Michael W. Donaldson for California DUI Lawyers Association as Amicus Curiae on behalf of Real Party in Interest.

I.

Penal Code section 1001.95 (Stats. 2020, ch. 334, § 1, eff. Jan. 1, 2021, as amended by Stats. 2022, ch. 58, § 6, eff. June 30, 2022) authorizes superior court judges to offer pretrial diversion, over the prosecution's objection, to persons being prosecuted for "a misdemeanor." (Pen. Code § 1001.95, subd. (a).)[1] The statute prohibits diversion for specified misdemeanors, namely, registrable sex offenses, domestic violence, and stalking. (§ 1001.95, subd. (e).) Misdemeanor charges of driving under the influence (DUI) (Veh. Code, §§ 23152, 23153) are not excluded from diversion in Penal Code section 1001.95. (§ 1001.95, subd. (e).) But an older statute, Vehicle Code section 23640 (Stats. 1998, ch. 118, § 84), bars any form of pretrial diversion for felony and misdemeanor DUI charges.

---

[1] Undesignated statutory references are to the Penal Code.

The superior court granted diversion to real party in interest, Jessica Ortiz, on misdemeanor DUI charges (Veh. Code, § 23152, subds. (a), (b); counts 1 & 2) pursuant to Penal Code section 1001.95. In prior writ proceedings, the appellate division of the superior court upheld the diversion order for Ortiz and two other defendants who had also been granted diversion on misdemeanor DUI charges. (*People v. Superior Court (Diaz-Armstrong)* 67 Cal.App.5th Supp. 10, 24-28 (*Diaz-Armstrong*).)

The People petition this court for an original writ of mandate and/or prohibition, vacating the diversion order for Ortiz. They claim the order is unauthorized because Penal Code section 1001.95 did not impliedly and partially repeal Vehicle Code section 23640 to the extent that the older statute prohibits diversion for misdemeanor (as opposed to felony) DUI charges. Thus, they argue, Vehicle Code section 23640 renders misdemeanor DUI charges categorically ineligible for diversion under Penal Code section 1001.95. We agree. Thus, we grant the petition.

II.

To date, the Court of Appeal has uniformly held that misdemeanor DUI charges are ineligible for diversion under Penal Code section 1001.95. Three other appellate courts have concluded that Vehicle Code section 23640 and Penal Code section 1001.95 can be harmonized, by interpreting Penal Code section 1001.95 as authorizing diversion for all misdemeanors except those specified in Penal Code section 1001.95, subdivision (e), *and* misdemeanor DUI charges under Vehicle Code section 23640. (*Grassi v. Superior Court* (2021) 73 Cal.App.5th 283, 307-308 (*Grassi*); *Tan v. Superior Court* (2022) 76 Cal.App.5th 130, 134, 137-139 (*Tan*); *Islas v. Superior Court* (2022)

3

78 Cal.App.5th 1104, 1108-1110 (*Islas*) [following *Tan* and *Grassi* ].) These courts also found the legislative history of Penal Code section 1001.95 "anything but unambiguous" and "anything but clear" concerning whether the Legislature intended to partially repeal Vehicle Code section 23640 when it enacted the new program. (*Grassi*, at p. 304; *Tan*, at p. 136, see *Islas*, at pp. 1109-1110 [agreeing with *Grassi's* and *Tan's* view of the legislative history and noting that additional history materials were not germane to the court's review "because the plain language of the two statutes, considered together, is unambiguous"].)

The People claim *Grassi* and *Tan* were correctly decided and urge us to follow their analyses and conclusions. Ortiz claims *Grassi* and *Tan* were wrongly decided. Ortiz argues that the statutes cannot be harmonized and that they *irreconcilably* conflict; thus, one must be interpreted as an exception to the other, and Penal Code section 1001.95 prevails in this particular case because its legislative history shows that the Legislature intended to make misdemeanor DUI charges eligible for diversion under Penal Code section 1001.95. Ortiz claims the majority in *Diaz-Armstrong* followed the correct analysis and analytical framework set forth in *Tellez v. Superior Court* (2020) 56 Cal.App.5th 439 at pages 444-448 (*Tellez*) and other cases (*State Dept. of Public Health v. Superior Court* (2015) 60 Cal.4th 940, 956-960 (*State Dept.*); *Hopkins v. Superior Court* (2016) 2 Cal.App.5th 1275, 1285-1286 (*Hopkins*), in concluding both that (1) the statutes irreconcilably conflict, and (2) the Legislature intended the new statute to prevail over Vehicle Code section 23640 and allow diversion for misdemeanor DUI charges.

4

We agree with *Tan* and the other courts that have concluded that the statutes can be harmonized—that is, effect can be given to all of their provisions; they can operate concurrently by interpreting them together as allowing judges to offer diversion for all misdemeanors charges *except* the misdemeanor charges specified as ineligible for diversion in Penal Code section 1001.95, subdivision (e) [registrable sex offenses, et al.] and Vehicle Code section 23640 [DUI charges].  The next question, and the more difficult one, we believe, is whether, given that we conclude the statutes can be harmonized, the record contains sufficient evidence to rebut the presumption against finding an implied, partial repeal of Vehicle Code section 23640 in the enactment of Penal Code section 1001.95.  (See *State Dept.*, *supra*, 60 Cal.4th at pp. 955-956; *Western Oil & Gas Assn v. Monterey Bay Unified Air Pollution Control Dist.* (1989) 49 Cal.3d 408, 419-420 (*Western Oil*).)

We conclude there is insufficient evidence to rebut the presumption.  Thus, we conclude that Vehicle Code section 23640 was not partially and impliedly repealed by the enactment of Penal Code section 1001.95, to the extent that Vehicle Code section 23640 bars pretrial diversion for misdemeanor DUI charges.  Instead, Vehicle Code section 23640 operates concurrently and in harmony with Penal Code section 1001.95 to bar diversion for misdemeanor DUI charges under Penal Code section 1001.95.

III.

A.  *Procedural Background*

In July 2020, Ortiz was charged in a misdemeanor complaint with driving under the influence of alcohol and driving with a blood-alcohol content in excess of 0.08.  (Veh.

5

Code, § 23152, subds. (a), (b); counts 1 & 2). Ortiz pled not guilty to the charges. In February 2021, the superior court granted Ortiz's request to be placed in the new misdemeanor diversion program (Pen. Code, §§ 1001.95-1001.97, enacted by Stats. 2020, ch. 334, § 1, eff. Jan 1. 2021 (A.B. 3234)), over the prosecuting attorney's objections. The People petitioned the superior court appellate division for a writ directing the superior court to vacate the diversion order for Ortiz.

After consolidating Ortiz's case with two others in which diversion was granted on misdemeanor DUI charges, the appellate division denied the People's petitions to vacate the diversion orders in a published, split decision. (*Diaz-Armstrong*, *supra*, 67 Cal.App.5th at pp. Supp. 13-14, 28.) The People now petition this court for an original writ, directing respondent superior court to vacate the diversion order for Ortiz on the ground it is unauthorized by Vehicle Code section 23640.

We issued an order to show cause and heard oral argument. We also granted Ortiz's unopposed request to take judicial notice of 19 items concerning the legislative history of section 1001.95 (Evid. Code, §§ 452, subds. (b), (c), (h), 459, subd. (a).) Amicus curiae, California DUI Lawyers Association (CDLA), has filed an amicus brief, joining Ortiz in arguing that the legislative history of section 1001.95 clearly shows that the Legislature intended section 1001.95 to allow diversion for DUI charges.[2]

---

[2] The parties do not discuss whether section 1001.95 applies retroactively to cases not final on appeal as of its January 1, 2021 effective date. But, because section 1001.95 potentially ameliorates punishment for misdemeanor charges eligible for diversion under its terms, if the statute applied to misdemeanor DUI charges, it would apply to misdemeanor DUI cases not final on appeal on January 1, 2021. (*Islas*, *supra*,

*[footnote continued on next page]*

B.  *Vehicle Code § 23640*

Vehicle Code section 23640 prohibits any form of pretrial diversion for persons charged with misdemeanor or felony violations of Vehicle Code section 23152 (driving under the influence of alcohol) or 23153 (causing bodily injury while driving under the influence) (DUI charges).[3]  A companion statute, Vehicle Code section 23600, imposes similar postconviction restraints on sentencing in DUI cases.

Former versions of Vehicle Code sections 23640 and 23600, Vehicle Code former sections 23202 and 23206, were enacted in 1981.  (Stats. 1981, ch. 940, § 32 (A.B. 541).)  In 1998, the former statutes were repealed and reenacted without substantive change as Vehicle Code sections 23640 and 23600.  (Stats. 1998, ch. 118, § 84.)  The Legislature's "unambiguous intent" in enacting the former statutes, over 40 years ago, was "to prohibit

---

78 Cal.App.5th at p. 1110, fn. 1; *Tan*, *supra*, 76 Cal.App.5th at p. 136, fn. 5; *Grassi*, *supra*, 73 Cal.App.5th at p. 289; *People v. Frahs* (2020) 9 Cal.5th 618, 638-639; *In re Estrada* (1965) 63 Cal.3d 740, 744-745.)  This would include Ortiz's misdemeanor DUI case.

[3]  Vehicle Code section 23640 provides:  "(a) In any case in which a person is charged with a violation of Section 23152 or 23153, prior to acquittal or conviction, the court shall neither suspend nor stay the proceedings for the purpose of allowing the accused person to attend or participate, nor shall the court consider dismissal of or entertain a motion to dismiss the proceedings because the accused person attends or participates during that suspension, in any one or more education, training, or treatment programs, including, but not limited to, a driver improvement program, a treatment program for persons who are habitual users of alcohol or other alcoholism program, a program designed to offer alcohol services to problem drinkers, an alcohol or drug education program, or a treatment program for persons who are habitual users of drugs or other drug-related program.  [¶]  (b) This section shall not apply to any attendance or participation in any education, training, or treatment programs after conviction and sentencing, including attendance or participation in any of those programs as a condition of probation granted after conviction when permitted."

pre- or postconviction stays or suspensions of proceedings" in DUI cases. (*People v. Darnell* (1990) 224 Cal.App.3d 806, 810.) "The public wanted and AB 541 provided '[c]elerity and certainty of punishment' " for DUI offenses. (*People v. Weatherill* (1989) 215 Cal.App.3d 1569, 1575 (*Weatherill*).)

C. *The New Misdemeanor Diversion Program* (§§ *1001.95-1001.97*)

On September 30, 2020, the Governor signed Assembly Bill No. 3234 (2019-2020 Reg. Sess.), effective January 1, 2021. (Stats 2020, ch. 334, § 1; see Cal. Const., art. IV, § 8, subd. (c).) The bill added sections 1001.95 to 1001.97 to the Penal Code, creating a discretionary diversion program for persons charged with a misdemeanor. The statute provides: "A judge in the superior court in which a misdemeanor is being prosecuted may, at the judge's discretion, and over the objection of a prosecuting attorney, offer diversion to a defendant pursuant to these provisions." (§ 1001.95, subd. (a).)

As noted, Penal Code section 1001.95 specifies several offenses as ineligible for diversion under its terms: registrable sex offenses, domestic violence, and stalking. (§ 1001.95, subd. (e).)[4] But it does not expressly exclude misdemeanor DUI charges

---

[4] Section 1001.95, subdivision (e), provides: "A defendant may not be offered diversion pursuant to this section for any of the following current charged offenses: [¶] (1) Any offense for which a person, if convicted, would be required to register pursuant to Section 290 [sex offenses;] [¶] (2) Any offense involving domestic violence, as defined in Section 6211 of the Family Code or subdivision (b) of Section 13700 of this code [domestic violence]; [¶] (3) A violation of Section 646.9 [stalking]."

8

(Veh. Code §§ 23152 or 23153 violations) from eligibility.  Vehicle Code section 23640 is also not mentioned in Penal Code sections 1001.95 to 1001.97.[5]

The Legislature's ostensible purpose in enacting sections 1001.95 to 1001.97 was to "treat, restore, and rehabilitate."  (*Grassi*, *supra*, 73 Cal.App.5th at p. 292, fn. 4., citing Sen. Rules Com., Off. of Sen. Floor Analysis, 3d reading analysis of Assem. Bill No. 3234 (2019-2020 Reg. Sess.) as amended Aug 24, 2020, p. 2 ["Diversion programs that are successfully completed allow a person to avoid the lifelong collateral consequences associated with a criminal record when they are seeking employment or housing."]; *Diaz-Armstrong*, *supra*, 67 Cal.App.5th at p. Supp. 27 ["The Legislature . . . unequivocally enacted section 1001.95 in order to broadly shift persons charged with misdemeanors away from traditional punishment in order to achieve better long-term outcomes."].)

D.  *Legal Principles*, *Overview*

Whether misdemeanor DUI charges are eligible for diversion under Penal Code section 1001.95 is a question of statutory interpretation for our independent review. (*Tan*, *supra*, 76 Cal.App.5th at p. 136.)  In cases involving statutory interpretation, our

---

[5]  Section 1001.95 authorizes the judge to continue a diverted case for up to 24 months and "order the defendant to comply with terms, conditions, or programs that the judge deems appropriate based on the defendant's specific situation."  (§ 1001.95, subd. (b).)  At the end of the diversion period, the judge is to dismiss the diverted charges if the defendant has complied with the terms of the diversion.  (*Id*. at subd. (c).)  But criminal proceedings may resume if, following a noticed hearing, the judge determines that the defendant has not complied with the terms of the diversion.  (*Id*. at subd. (d).) Section 1001.96 lists the actions a defendant must complete and the conditions the defendant must satisfy in order to have the defendant's diverted case dismissed.  Section 1001.97 addresses the status and treatment of the defendant's arrest for the diverted charge upon the defendant's successful completion of diversion.

fundamental task is to determine the Legislature's intent so as to effectuate the law's purpose. (*People v. Gonzalez* (2017) 2 Cal.5th 1138, 1141.)

Our first step in ascertaining the Legislature's intent is to scrutinize the words of the statute, giving them a plain and common sense meaning. (*California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 633.) The words of a statute are generally the most reliable indicator of legislative intent; but, if the words are ambiguous or uncertain, we may resort to extrinsic sources to ascertain their meaning, including the statute's legislative history and ostensible objects to be achieved. (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1369.) We may also consider the wider historical circumstances of a statute's enactment in ascertaining legislative intent. (*Dyna-Med*, *Inc. v. Fair Employment & Housing* Com. (1987) 43 Cal.3d 1379, 1387 (*Dyna-Med*).)

Canons of statutory construction may assist courts in ascertaining legislative intent (*In re Marriage of Bonvino* (2015) 241 Cal.App.4th 1411, 1433.) "But it is well established that 'canons of statutory construction are merely aids to ascertaining probable legislative intent' " and are not to be " 'applied so as to defeat the underlying legislative intent otherwise determined.' " (*Ferra v. Loews Hollywood Hotel, LLC* (2021) 11 Cal.5th 858, 879.) " ' "No single canon of statutory construction is an infallible guide to correct interpretations in all circumstances." ' " (*Tellez*, *supra*, 56 Cal.App.5th at p. 448.)

Thus, when the legislature history answers the question of legislative intent, or at least provides clues to legislative intent, the legislative history is a more reliable indicator of the legislative intent than inferences of intent based on canons of statutory

10

construction.  (*Tellez, supra*, 56 Cal.App.5th p. 449; *Lewis v. Ryan* (1976) 64 Cal.App.3d 330, 333-334; *Grassi, supra*, 73 Cal.App.5th at p. 306 ["Canons of statutory construction are not dispositive but rather are guides courts can resort to when a statute's plain language and legislative history do not compel a particular result."].)

It is incumbent upon courts to harmonize statutes based on their texts, if that can reasonably be done:  " ' " A court must, when reasonably possible, harmonize statutes, reconcile seeming inconsistencies in them, and construe them to give force and effect to all of their provisions.  [Citations.]  This rule applies although one of the statutes involved deals generally with a subject and another relates specifically to particular aspects of the subject." [Citation.]  Thus, when " 'two codes are to be construed, they "must be regarded as blending into each other and forming a single statute." [Citation.] . . . [T]hey "must be read together and so construed as to give effect, when possible, to all the provisions thereof." ' " ' "  (*State Dept., supra*, 60 Cal.4th at p. 955.)

"Further, ' " '[a]ll presumptions are against a repeal by implication.  [Citations.]' [Citation.]  Absent an express declaration of legislative intent, we will find an implied repeal 'only when there is no rational basis for harmonizing the two potentially conflicting statutes [citation], and the statutes are "irreconcilable, clearly repugnant, and so inconsistent that the two cannot have concurrent operation." ' " ' "  (*State Dept., supra*, 60 Cal.4th at pp. 955-956; *Penziner v. West American Finance Co.* (1937) 10 Cal.2d 160, 176.)  There must be "no possibility of concurrent operation."  (*Hays v. Wood* (1979) 25 Cal.3d 772, 784.)

11

"Courts have also noted that implied repeal should not be found unless ' . . . the later provision gives *undebatable evidence* of an intent to supersede the earlier . . . .' " (*Western Oil*, *supra*, 49 Cal.3d at p. 420.)  Implied repeals include not only complete repeals, but "partial repeals that occur when one statute implicitly limits another statute's scope of operation."  (*Even Zohar Construction & Remodeling*, *Inc. v. Bellaire Townhouses*, *LLC* (2015) 61 Cal.4th 830, 838 (*Even Zohar*).)

E.  *Conflicts Between Vehicle Code section 23640 and Other Diversion Statutes*

In prior cases, the Courts of Appeal have had to address conflicts between Vehicle Code section 23640 (and its predecessor) and diversion statutes that applied to charges generally but that were silent on the operation of the Vehicle Code bar on diversion for DUI charges.  (Pen. Code, §§ 1001.20 et seq. [disability diversion], 1001.80 [military diversion] 1001.36 [mental health diversion].)  For multiple reasons, including difficulties in ascertaining the legislative intent, the courts in these cases reached varying conclusions on whether the diversion statutes allowed diversion for DUI charges.

1.  Developmental Disability Diversion (§ 1001.20 et. seq.)

A split decision, *People v. Weatherill* (1989) 215 Cal.App.3d 1569 (*Weatherill*), addressed a conflict between Vehicle Code former section 23202 and a diversion statute. The majority concluded that the statutory bar on diversion for DUI charges barred diversion under Penal Code section 1001.20 et seq., a diversion program for persons with cognitive developmental disabilities, enacted in 1981 (Stats. 1981, ch. 940, § 32), the year after Vehicle Code former section 23202 was enacted in 1980 (Stats. 1980, ch. 1253, § 1).  By its terms, the diversion statute applied to all misdemeanor charges and did not

12

state that it applied notwithstanding any other law, although Vehicle Code former section 23202 did not exist when it was enacted.

The *Weatherill* majority reasoned that "all-inclusive" support for the bill that enacted Vehicle Code former section 23202 (Assem. Bill No. 541) (1981-1982 Reg. Sess.) was "strong," and that the legislative intent, as revealed by the statute's legislative history, was consistent with the statute's plain and all-inclusive language. (*Weatherill*, *supra*, 215 Cal.App.3d at pp. 1572-1577.) The history showed that the Legislature's "unambiguous intent" in enacting the former statute was to ensure that all DUI defendants, "without exception," would have their guilt or innocence determined "without delay or diversion." (*Id*. at p. 1577.)

Addressing what it deemed the "irreconcilable conflict" between Vehicle Code former section 23202 and Penal Code section 1001.20 et seq., the *Weatherill* majority concluded that two canons of statutory construction supported its conclusion that Vehicle Code former section 23202 was controlling: (1) it was the more specific of the two statutes on the subject of DUI diversion, and (2) it was the later-enacted statute. (*Weatherill*, *supra*, 215 Cal.App.3d at pp. 1577-1578.) A third canon, that the expression of certain things in a statute necessarily excludes others, did not apply because Vehicle Code former section 23202 was "all-inclusive." (*Weatherill*, at pp. 1578-1579.)

The *Weatherill* majority rejected the defendant's claim that Vehicle Code former section 23202's "all-inclusive diversion bar" in DUI cases was inconsistent with "the selective" or specific DUI diversion bar in two other diversion statutes enacted in 1982, Penal Code section 1001 et seq. (Stats. 1982, ch. 42), and Penal Code section 1001.50

13

et seq. (Stats. 1982, ch. 1251).  (*Weatherill*, *supra*, 215 Cal. App.3d at pp. 1579-1580.) In enacting these diversion programs in 1982, the year after it enacted Vehicle Code former section 23202 in 1981, the Legislature expressly exempted all DUI charges from eligibility, despite Vehicle Code former section 23202's "all-inclusive diversion bar." (*Id*. at pp. 1579-1580; Pen. Code §§ 1001.2, subd. (a), 1001.51, subds. (b), (c)(6).)  The majority reasoned that the Legislature exempted DUI charges from eligibility in the 1982-enacted programs "to avoid the risk of implied repeal" of Vehicle Code former section 23202 in the enactment of the programs.  (*Weatherill*, at pp. 1579-1580.)

In dissent, Justice Johnson pointed out that persuasive arguments could be made on both sides of the statutory construction issue, but a "marginally more persuasive argument" could be made that misdemeanor DUI cases were eligible for diversion under Penal Code section 1001.21.  (*Weatherill*, *supra*, 215 Cal.App.3d at p. 1580 [dis. opn. of Johnson, J.])  First, the traditional rules or canons of statutory construction did not "seem to really solve the puzzle; they cancel[ed] each other out."  (*Id*. at p. 1581.)  The canon that a specific statute prevails over a general one could be argued both ways; it could "be contended just as forcefully" that Vehicle Code section 23202 was the general statute because Penal Code section 1001.20 et seq. focused on a specific class of defendants and authorized diversion for them "no matter what misdemeanor they are charged with." (*Weatherill*, at p. 1582 [dis. opn. of Johnson, J.])  Also, the "later-in-time" canon did not apply because the law disfavors implied repeals, and the statutes could be reconciled by allowing diversion in misdemeanor DUI cases under Penal Code section 1001.21, while

barring diversion for all other DUI defendants.  (*Weatherill*, at p. 1583 [dis. opn. of Johnson, J.].)

Justice Johnson also reasoned that the Legislature's failure to amend Penal Code section 1001.20 et. seq. to expressly exclude DUI charges in 1982, the year it enacted two other diversion programs that expressly excluded DUI charges, "strongly" indicated that the Legislature intended DUI charges to be divertible under the earlier-enacted Penal Code section 1001.20 et. seq.  (*Weatherill*, *supra*, 215 Cal.App.3d at pp. 1583-1586 [dis. opn. of Johnson, J.].)  Further, "nothing" in the legislative history of Vehicle Code former section 23202 indicated that the Legislature had 1980-enacted Penal Code section 1001.20 et seq. in mind, in 1981, when it enacted Vehicle Code former section 23202.  Rather, the legislative history materials concerning Vehicle Code section 23640 "implied" that the Legislature only intended to eliminate locally-administered " 'Lucky Deuce' " diversion programs—local diversion programs for DUI charges—when it enacted Vehicle Code former section 23202 in 1981.  (*Weatherill*, at pp. 1584-1585.)

In conclusion, Justice Johnson stated that he did not regard the case "as easy, the answer obvious, or the result inevitable."  (*Weatherill*, *supra*, 215 Cal.App.3d at p. 1589 [dis. opn. of Johnson, J.].)  He wrote that "this series of statutes" had "left the courts in a quandary," and he expressed hope that the majority and dissenting opinions could "serve as signal to the Legislature."  (*Id*. at pp. 1580-1581.)  The Legislature had handed the court "a true conundrum" by failing to make its intention clear on the question of whether DUI cases were eligible for diversion under section 1001.21.  (*Weatherill*, at p. 1589.)

15

2. <u>Military Diversion (§ 1001.80)</u>

In 2014, the Legislature enacted Penal Code section 1001.80, authorizing pretrial diversion for current and former members of the United States military charged with misdemeanor offenses.  (Stats. 2014, ch. 658, § 1, eff. Jan. 1, 2015.)  Like the misdemeanor diversion program for developmentally disabled persons (Pen. Code, § 1001.20 et seq.), Penal Code section 1001.80, as originally enacted, did not expressly exclude any misdemeanors from eligibility for diversion.  (Stats. 2014, ch. 658, § 1).[6]

In 2016, two Courts of Appeal reached opposite conclusions on whether Vehicle Code section 23640 barred diversion for misdemeanor DUI charges under Penal Code section 1001.80.  The court in *People v. VanVleck* (2016) 2 Cal.App.5th 355 (*VanVleck*) concluded that misdemeanor DUI charges were ineligible for diversion under the former military diversion statute in light of Vehicle Code section 23640.  (*VanVleck*, at pp. 364, 366-367.)  Shortly thereafter, the court in *Hopkins v. Superior Court* (2016) 2 Cal.App.5th 1275 (*Hopkins*), disagreed with *VanVleck* and concluded that, when the Legislature enacted Penal Code section 1001.80, it impliedly repealed Vehicle Code section 23640 to the extent the older statute would have barred diversion for DUI charges under the newer misdemeanor military diversion statute.  (*Hopkins*, at p.1288.)  Both courts considered the texts of the two statutes, the legislative history of the military

---

[6] Section 1001.80 authorizes courts to grant diversion for "a misdemeanor" charge if the defendant is a current or former a member of the United States military and may be suffering from specified traumas or injuries as a result of the defendant's military service.  (§ 1001.80, subd. (a).)  As enacted in 2014, section 1001.80 did not mention Vehicle Code section 23640 or exempt any misdemeanors, including misdemeanor DUI charges, from eligibility for diversion under its terms.  (Stats. 2014, ch. 658, § 1.)

16

diversion statute, canons of statutory construction, and the *Weatherill* decision. (*VanVleck*, at pp. 362-367; *Hopkins*, at pp. 1281-1289.)

*Van Vleck* reasoned that the statutes appeared to conflict but reconciled them by concluding that Vehicle Code section 23640 prevailed because it was the more specific statute on the subject of DUI diversion. (*VanVleck*, *supra*, at pp. 363-365.) *Hopkins* concluded that the statutes irreconcilably conflicted, thus, they could not be reconciled; the specific versus general canon was not helpful because its application depended on an "arbitrary choice of focus" of subject matter in determining which statute was the more specific. (*Hopkins*, *supra*, 2 Cal.App.5th at pp. 1282-1284) *Hopkins* reasoned that Penal Code section 1001.80 prevailed—the later-enacted statute allowed diversion for misdemeanor DUI charges despite Vehicle Code section 23640—both because it was the later-enacted statute and its legislative history showed that the Legislature intended it to allow diversion for misdemeanor DUI charges. (*Hopkins*, at pp. 1284-1285.)

Review was granted in both cases (2016 Cal.Lexis 9412 [*VanVleck*]; 2016 Cal.Lexis 9420 [*Hopkins*]), and before our Supreme Court could resolve the conflict in the decisions, the Legislature rendered the conflict moot, during its 2017 to 2018 session, by amending section 1001.80 to make misdemeanor DUI charges expressly eligible for diversion under the statute. (Pen. Code, § 1001.80, subd. (*l*), added by Stats. 2017, ch. 179, §§ 1-2, eff. Aug. 7, 2017.) Our Supreme Court then dismissed as moot its earlier grant of review in both cases. (*Hopkins v. Superior Court* (2017) 2017 Cal.Lexis 8220; *People v. VanVleck* (2017) 2017 Cal.Lexis 8783.) Since 2017, section 1001.80, subdivision (*l*), has provided: "Notwithstanding any other law, including Section 23640

17

of the Vehicle Code, a misdemeanor offense for which a defendant may be placed in a pretrial diversion program in accordance with this section includes a misdemeanor violation of Section 23152 or 23153 of the Vehicle Code." (§ 1001.80, subd. (*l*).)

    3.  Mental Health Diversion (§ 1001.36)

Section 1001.36 authorizes courts to grant pretrial diversion for "a misdemeanor or felony offense" if certain criteria are met, including that the defendant suffers from a specified mental disorder, the court is satisfied that the mental disorder was a significant factor in the defendant's commission of the charged offense, and in the opinion of a qualified mental health expert the defendant's symptoms of the mental disorder would respond to mental health treatment. (§ 1001.36, subds. (a), (b)(1).)

As enacted in 2018, section 1001.36 did not exclude any misdemeanor or felony offenses from eligibility for diversion under its terms. (Stats 2018, ch. 34, § 24 (A.B. 1810), eff. June 27, 2018.) Later in 2018, the legislature amended section 1001.36 to exclude specified offenses, but not DUI offenses, from eligibility. (Pen. Code, § 1001.36, subd. (b)(2); Stats. 2018, ch. 1005, § 1 (S.B. 215), eff. Jan. 1, 2019.) Penal Code section 1001.36 does not contain a provision like Penal Code section 1001.80, subdivision (*l*), expressly stating that it allows diversion for DUI charges notwithstanding any other law, including Vehicle Code section 23640.

In 2020, after the Governor signed Assembly Bill 3234, adding sections 1001.95 to 1001.97 to the Penal Code (Stats. 2020, ch. 334, § 1, eff. Jan. 1, 2021), this court issued two decisions concluding that Vehicle Code section 23640 barred diversion for DUI charges under Penal Code section 1001.36. (*Tellez*, *supra*, 56 Cal.App.5th at p. 444;

18

*Moore v. Superior Court* (2020) 58 Cal.App.5th 561, 585 (*Moore*).) *Tellez* reasoned that the two statutes were in conflict and could not be reconciled or harmonized: "Both statutes are unambiguous in their plain language: One clearly prohibits diversion for defendants charged with DUI offenses, and the other just as clearly allows mental health diversion for any defendant who meets the minimum eligibility requirements (and who is not charged with a disqualifying offense). When it comes to DUI offenses, Vehicle Code section 23640 prohibits a court from doing what Penal Code section 1001.36 permits. The two 'statutes are in conflict and thus one must be interpreted as providing an exception to the other.' ([*State Dept.*, *supra*,] 60 Cal.4th [at p.] 956.) The question is which one. Is Vehicle Code section 23640 an exception to Penal Code section 1001.36? Or is Penal Code section 1001.36 an exception to Vehicle Code section 23640?" (*Tellez*, at p. 444.)

  *Tellez* reasoned it was unnecessary to resort to canons of statutory construction to ascertain the Legislature's intent concerning which of the two statutes was intended to be the exception to or to prevail over the other because the concurrent legislative histories of the military and mental health diversion statutes (§§ 1001.80, 1001.36), during the 2017 to 2018 legislative session, answered the question of the Legislature's intent in enacting section 1001.36. (*Tellez*, *supra*, 56 Cal.App.5th at p. 444.) *Tellez* recounted the complex legislative history of Penal Code section 1001.36, from its enactment in June 2018 through its amendment in September 2018, through Senate Bill No. 215 (2017-2018 Reg. Sess.), to exclude offenses like murder, manslaughter and rape, but not DUI offenses, from eligibility. (*Id.* at pp. 444-447.) In the same 2017-2018 legislative session, the

19

Legislature amended Penal Code section 1001.80 to add subdivision (*l*), but the Legislature did not include a similar provision in section 1001.36. (*Id*. at p. 447.)

*Tellez* explained: "This history establishes that the Legislature wanted the existing bar on diversion for DUI offenses to take precedence. The Legislature was familiar with the conflict between Vehicle Code section 23640 and diversion statutes and knew how to clarify that the diversion statute should control over the Vehicle Code, having recently confronted the issue with respect to military diversion. What is more, the earlier version of Senate Bill 215 would have clarified that mental health diversion applied notwithstanding any other law, but the Legislature abandoned that 'notwithstanding' clause in the final version of Senate Bill 215. The Legislature's failure to amend Penal Code section 1001.36 in the same way that it had recently amended the military diversion statute indicates that the Legislature did not intend to override Vehicle Code section 23640. Instead, the Legislature intended that the decades-old prohibition against diversion for DUI should prevail." (*Tellez*, *supra*, 56 Cal.App.5th at p. 448.) Thus, "Vehicle Code section 23640 controls over Penal Code section 1001.36." (*Id*. at p. 450.)

In *Moore*, another panel of this court agreed with *Tellez*'s point that the concurrent legislative histories of sections 1001.36 and 1001.80 showed that the Legislature did not intend to make DUI defendants eligible for diversion under section 1001.36. (*Moore*, *supra*, 58 Cal.App.5th at pp. 575-580.) Among other things, *Moore* noted that the Legislature's failure to add a provision like section 1001.80, subdivision (*l*), to section 1001.36, during the same legislative session in which the Legislature added subdivision (*l*) to section 1001.80, strongly indicated that the Legislature did not intent to

20

repeal Vehicle Code section 23640 insofar as it bars all DUI defendants from eligibility for mental health diversion under Penal Code section 1001.36. (*Moore*, at p. 579 ["If the Legislature had intended DUI defendants to be eligible for pretrial mental health diversion, it would have repealed or amended Vehicle Code section 23640, or it would have 'carve[d] out an exception' to Vehicle Code section 23640 in Penal Code section 1001.36. Its failure to do either—during the same legislative session in which it amended Penal Code section 1001.80 to make military members charged with misdemeanor DUI offenses eligible for military diversion (§ 1001.80, subd. (*l*); Stats. 2017, ch. 179, § 1)—manifests its intent to keep all DUI defendants ineligible for pretrial mental health diversion under Vehicle Code section 23640."].)

As noted, *Tellez* concluded that Vehicle Code section 23640 and Penal Code section 1001.36 irreconcilably conflicted; thus, one of the statutes had to be interpreted as providing for an exception to, and one as prevailing over, the other. (*Tellez*, *supra*, 56 Cal.App.5th at p. 444, citing *State Dept.*, *supra*, 60 Cal.4th at p. 956.) *Moore* did not discuss the conflict between Vehicle Code section 23640 and Penal Code section 1001.36 and did not purport to harmonize the two statutes. *Moore* did note, however, that when statutes appear to conflict, a court is required, where reasonably possible, to harmonize them, reconcile seeming inconsistencies in them, and construe them to give force and effect to all of their provisions. (*Moore*, *supra*, 58 Cal.App.5th at p. 574, citing *State Dept.*, *supra*, 60 Cal.4th at p. 955.) Further, all presumptions are against implied repeals, and absent an express declaration of legislative intent, courts are to find an implied repeal " ' " ' " 'only when there is no rational basis for harmonizing the two potentially

21

conflicting statutes [citation], and the statutes are "irreconcilable, clearly repugnant, and so inconsistent that the two cannot have concurrent operation." ' " ' " '  [Citations.] (*State Dept.*, *supra*, 60 Cal.4th at pp. 955-956.)"  (*Moore*, *supra*, 58 Cal.App.5th at p. 574.)

### F.  *Grassi*, *Tan*, *and Other Case Law Interpreting Section 1001.95*

As noted, the Courts of Appeal in *Grassi*, *Tan*, and *Islas* have uniformly agreed that Penal Code section 1001.95 and Vehicle Code section 23640 can be harmonized by interpreting them together as excluding misdemeanor DUIs from eligibility for diversion under Penal Code section 1001.95, in addition to the misdemeanors specified as ineligible in Penal Code in section 1001.95, subdivision (e).  (*Grassi*, *supra*, 73 Cal.App.5th at pp. 307-308; *Tan*, *supra*, 76 Cal.App.5th at pp. 137-139; *Islas*, *supra*, 78 Cal.App.5th 1107, 1110 [following *Tan* and *Grassi*].)  These courts also found the legislative history of Penal Code section 1001.95 "anything but clear" and "anything but unambiguous" as to whether the Legislature intended to partially repeal Vehicle Code section 23640, to the extent the older bars diversion for misdemeanor DUI charges, when the Legislature enacted Penal Code section 1001.95.  (*Tan*, at pp. 137-139; *Grassi*, at pp. 302-306; *Islas*, at pp. 1108, 1110 [following *Tan* and *Grassi*].)

In July 2021, the appellate division of the superior court in Los Angeles County was the first court to conclude that Vehicle Code section 23640 bars diversion for misdemeanor DUI charges under Penal Code section 1001.95.  (*People v. Superior Court* (*Espeso*) 67 Cal.App.5th Supp. 1, 4-7 (*Espeso*).)  *Espeso* reasoned:  "To the extent there is a tension between Vehicle Code section 23640 and the misdemeanor diversion statute,

it must be resolved in favor of both statutes being ' " ' " 'read together and so construed as to give effect, when possible, to all the provisions thereof,' " ' " ' " given that all presumptions are against a repeal by implication.  (*Espeso*, at p. Supp. 6.)  Further, the legislative history of Penal Code section 1001.95 did not "reveal a clear intent" to partially repeal Vehicle Code section 23640; thus, the real party had "failed to rebut the presumption against a repeal by implication of Vehicle Code section 23640."  (*Espeso*, at pp. Supp. 6-7.)

*Espeso*'s summary of its holding aptly summarizes our holding and those of the other Court of Appeal which have confronted the issue:  " In sum, the Legislature approved a bill in enacting section 1001.95 which was silent on whether misdemeanor diversion can be granted in driving under the influence cases.  Against this backdrop, Vehicle Code section 23640, subdivision (a), in crystal clear language, bars diversion in such cases.  We cannot discern an intent to overcome the rule that '[t]he law shuns repeal by implication' [citation].  We therefore give effect to both statutes, by finding a person is eligible to be considered for a grant of diversion in all cases, *except* the ones specifically listed in section 1001.95, subdivision (e) . . . , *and* driving under the influence cases as provided in Vehicle Code section 23640, subdivision (a)."  (*Espeso*, *supra*, 67 Cal.App.5th at p. Supp. 9.)

Shortly after *Espeso* was decided, the appellate division of the Riverside County Superior Court addressed the issue in *Diaz-Armstrong*, *supra*, 67 Cal.App.5th Supp. 10. Following *Tellez*, the majority concluded that the statutes irreconcilably conflicted, given that both were unambiguous in their plain language, and one prohibited what the other

23

allowed: diversion for misdemeanor DUI charges under Penal Code section 1001.95. (*Diaz-Armstrong*, *supra*, 67 Cal.App.5th at p. Supp. 21.) The majority explained that harmonizing the statutes, as the dissent posited, "contradict[ed] the Court of Appeal's consistent understanding [set forth in *Tellez*, *Hopkins*, and *Weatherill*,] that section 23640 poses a real conflict with diversion statutes that would otherwise include DUIs"; the requirement that courts harmonize potentially inconsistent statutes "is not a license to redraft the statutes to strike a compromise the Legislature did not reach"; and the dissent offered "what we believe to be the very first appellate opinion directly concluding that true harmonization is possible." (*Diaz-Armstrong*, at p. Supp. 21-22.)

The majority resolved the question of which of the two statutes was intended to prevail based on the legislative history of Penal Code section 1001.95 and the policy goals and ostensible objects to be achieved by the new diversion program. (*Diaz-Armstrong*, *supra*, 67 Cal.App.5th at pp. Supp. 21-28.) The majority found "compelling evidence" that the Legislature intended Penal Code section 1001.95 to prevail over Vehicle Code section 23640, given that, in the floor debate on the bill in each house, legislators objected to the bill on the ground it did not exclude DUIs among other charges, "they were never met with a rebuttal, and majorities of both houses passed the bill anyway." (*Diaz-Armstrong*, at p. Supp. 26.)

In dissent, Judge Firetag explained that the statutes could operate in harmony for two reasons. (*Diaz-Armstrong*, *supra*, 67 Cal.App.5th at p. Supp. 31 [dis. opn. of Firetag, J.].) First, nothing in the text of Penal Code section 1001.95 supported the conclusion that the statute supplanted Vehicle Code section 23640's prohibition on diversion for

24

misdemeanor DUI charges. Penal Code section 1001.95 did not state that its list of excluded offenses was exclusive (§ 1001.95, subd. (e)), and nothing in the statute indicated that it was repealing Vehicle Code section 23640 in any manner. (*Diaz-Armstrong*, at pp. Supp. 29-31 [dis. opn. of Firetag, J.].)

Second, based on his review of the case law addressing conflicts between Vehicle Code section 23640 and other diversion statutes, Judge Firetag found no substantive difference between Penal Code sections 1001.36 and 1001.95, and therefore no reason to treat these two statutes differently. (*Diaz-Armstrong*, at pp. Supp. 29-31 [dis. opn. of Firetag, J.].) He explained: "Both sections provide the trial court with the power to grant diversion under certain circumstances. Both sections indicate that certain enumerated offenses are categorically ineligible for diversion. And, most importantly, neither section references in any way DUIs, section 23640 or language that indicates that the exceptions are exclusive. In my opinion, there is no reason why *Tellez* and *Moore* do not dictate a finding that DUIs are categorically prohibited under section 1001.95." (*Diaz-Armstrong*, at p. Supp. 33 [dis. opn. of Firetag, J.].)

IV.

A. *Penal Code Section 1001.95 and Vehicle Code Section 23640 Conflict*, *But the Statutes Do Not Irreconcilably Conflict and Can Be Harmonized*

The first question we must determine is whether Vehicle Code section 23640 and Penal Code section 1001.95 can be harmonized, as the People contend, or whether the statutes irreconcilably conflict, as Ortiz argues. As emphasized, a court is required, when reasonably possible, to harmonize statutes, reconcile seeming inconsistencies in them,

and construe them to give force and effect to all of their provisions; the statutes " ' "must be regarded as blending into each other and forming a single statute" ' "; and " ' "read together and so construed as to give effect, when possible, to all the provisions" ' " of each statute. (*State Dept.*, *supra*, 60 Cal.4th at p. 955.)

Ortiz argues the statutes are unambiguous in their plain language. We agree that the statutes are unambiguous when viewed separately from each other. One expressly prohibits what the other implicitly allows. Vehicle Code section 23640 bars expressly diversion for misdemeanor DUI charges in "crystal clear language" (*Espeso*, *supra*, 67 Cal.App.5th at p. Supp. 9), and Penal Code section 1001.95 allows courts to offer diversion to defendants being prosecuted for "a misdemeanor." (§ 1001.95, subd. (a).) Penal Code section 1001.95 excepts several misdemeanors from eligibility for diversion under its terms, but misdemeanor *DUI* charges are not among them. (§ 1001.95, subds. (e), (e).) Thus, the statutes appear to conflict.

In considering whether two apparently conflicting statutes can be harmonized, we begin with their texts. (*State Dept.*, *supra*, 60 Cal.4h at p. 956.) Statutes cannot be harmonized unless "full effect" can be given to all of their provisions. (Cf. *State Dept.*, *supra*, 60 Cal.4th at p. 955-960 [disclosure provisions of two statutes directly conflicted; thus, full effect could not be given to the disclosure provisions of both statutes, and they could not be harmonized] and *Lopez v. Sony Electronics*, *Inc.* (2018) 5 Cal.5th 627, 637-638 & fn. 6 [two statutes of limitation could not be harmonized because two limitations periods cannot govern the same claim] with *Even Zohar*, *supra*, 61 Cal.4th at pp. 840-841 [harmonizing statutes] and *In re Greg F.* (2012) 55 Cal.4th 393, 408 [same].)

Based on their texts, Vehicle Code section 23640 and Penal Code section 1001.95 can be harmonized. That is, full effect can be given to all of their provisions by interpreting them together as authorizing diversion for all misdemeanor charges, except those specified as ineligible for diversion in both Penal Code section 1001.95, subdivision (e) [registrable sex offenses, domestic violence, and stalking] *and* Vehicle Code section 23640 [DUI charges]. (*Tan*, *supra*, 76 Cal.App.5th at p. 138; *Grassi*, *supra*, 73 Cal.App.5th at p. 307.)

It is significant that Penal Code section 1001.95 does not state either one of two things: (1) that the list of misdemeanors it specifies as excluded from eligibility is an exclusive list (§ 1001.95, subd. (e)), or (2) that its provisions apply notwithstanding " 'any other law' " including Vehicle Code section 23640. (*Tan*, *supra*, 76 Cal.App.5th at pp. 138-139.) The absence of these provisions allows us to harmonize the new statute with Vehicle Code section 23640, by interpreting them together as barring diversion for misdemeanor DUI charges under the new statute. "Nothing in the language of section 1001.95 suggests that it is intended to overrule the prohibition on diversion in DUI cases contained in Vehicle Code section 23640." (*Tan*, at p. 138.)

This construction also gives full effect to each provision of Penal Code section 1001.95, including its key provisions authorizing diversion to be offered to persons being prosecuted for "a misdemeanor" except specified misdemeanors. (§ 1001.95, subds. (a), (e).) Construing Vehicle Code section 23640 as *independently* prohibiting diversion under Penal Code section 1001.95 does not undermine the effect of any provision of Penal Code section 1001.95. The text of the new statute is entirely consistent with

27

construing it as subject to Vehicle Code section 23640's existing ban on diversion for DUI charges. Diversion is still allowed for "a misdemeanor" except as specified in Penal Code section 1001.95 and in Vehicle Code section 23640. Penal Code section 1001.95 does not state that it applies to "any misdemeanor" except as specified; if it did, that would make its text inconsistent with the text of Vehicle Code section 23640.

Thus, based on their texts, the statutes can be interpreted in a way that dispels their apparent conflict. That is, the statutes are not " ' " ' " ' "so inconsistent" ' " ' " ' " that they cannot have concurrent operation. (*State Dept.*, *supra*, 60 Cal.4th at p. 955.) And because it is possible to harmonize the statutes—that is, to give full effect to all of their provisions by making misdemeanor DUI charges ineligible for diversion under Penal Code section 1001.95 in light of Vehicle Code section 23640—the statutes *must* be so harmonized. (See *Ibid*.)

Ortiz argues that this construction or harmonization "reads into Penal Code section 1001.95 an exclusion for DUI offenses that the Legislature did not put there and which would undermine some of the purpose of the new statute." In other words, Ortiz argues, "the requirement that courts harmonize potentially inconsistent statutes when possible is not a license to redraft the statutes to strike a compromise that the Legislature did not reach." (*State Dept.*, *supra*, 60 Cal.4th at p. 956; *Hopkins*, *supra*, 2 Cal.App.5th at p. 1282; *Diaz-Armstrong*, *supra*, 67 Cal.App.5th at p. Supp. 21). But our construction does not redraft the statutes to strike a compromise that the Legislature did not reach, because nothing in the statutes' texts prohibits interpreting them together as barring diversion for misdemeanor DUI charges. (*Tan*, *supra*, 76 Cal.App.5th at p. 139; *Grassi*,

28

*supra*, 73 Cal.App.5th at p. 308; see *Garcia v. McCutchen* (1997) 16 Cal.4th 469, 479 ["[T]he general policy underlying legislation 'cannot supplant the intent of the Legislature as expressed in a particular statute.' "].) Moreover, it was indeed the Legislature which enacted each of these statutes.

Ortiz argues that the statutes can just as easily be harmonized by interpreting the list of misdemeanors specified as ineligible for diversion in Penal Code section 1001.95, subdivision (e), as exclusive, and interpreting Penal Code section 1001.95, subdivision (a), as allowing diversion for misdemeanor DUI charges, *effectively notwithstanding* Vehicle Code section 23640. Ortiz argues that this " 'harmonization' is far more defensible given the clear evidence in the legislative history of the Legislature's intent to include DUIs" as eligible for diversion under Penal Code section 1001.95.

We disagree for two reasons. First, the harmonization rule focuses on the texts of the statutes, not their purposes, and asks whether the texts can be harmonized. (*State Dept.*, *supra*, 60 Cal.4th at p. 956 [in harmonizing statutes, courts should begin with their texts, not their purposes].) Ortiz's proposed construction does not harmonize the two statutes; indeed, it utterly fails to give effect to Vehicle Code section 23640's bar on diversion for misdemeanor DUI charges, without any support for doing so in the texts of either Penal Code section 1001.95 or Vehicle Code section 23640. Our harmonization of the statutes gives full effect to the provisions of each statute and does not limit the operation of any of the provisions of either statute.

Second, and as *Tan* pointed out, Ortiz's proposed construction " 'would lead to the remarkable conclusion that the Legislature creates exemptions to a specific code section

29

[here, Vehicle Code § 23640] merely by failing to mention it.' . . . [T]he 'normal rules of statutory construction [, however,] dictate a contrary presumption: [Vehicle Code section 23640], like any other statute, is presumed to govern every case to which it applies by its terms—unless some other statute creates an express exception.' " (*Tan*, *supra*, 76 Cal.App.5th at p. 139, quoting *People v. Siko* (1988) 45 Cal.3d 820, 824 (*Siko*); see § 1001.80, subd. (*l*) [carving out exception to Veh. Code, § 23640 by expressly allowing diversion for DUI charges under Pen. Code, § 1001.80 (military diversion)].)

Ortiz points out that, " '[u]nder the maxim of statutory construction, *expressio unius est exclusio alterius*, if exemptions are specified in a statute, we may not imply additional exemptions unless there is a clear legislative intent to the contrary.' " (*Rojas v. Superior Court* (2004) 33 Cal.4th 407, 424; *Sierra Club v. State Bd. of Forestry* (1994) 7 Cal.4th 1215, 1230.) But here, we are not implying an additional exemption for misdemeanor DUI charges into Penal Code section 1001.95, subdivision (e). Instead, we are reconciling Vehicle Code 23640's longstanding prohibition on diversion for misdemeanor DUI charges *with* Penal Code section 1001.95's ostensibly nonexclusive list of exempted misdemeanor charges, blending them together, and giving full effect to both. (*State Dept.*, *supra*, 60 Cal.4th at p. 955.) Again, Vehicle Code section 23640, by its terms, applies to Penal Code section 1001.95 because no other statute, including Penal Code section 1001.95, says that it does not. (*Tan*, *supra*, 76 Cal.App.5th at p. 139.)

Ortiz argues the *Diaz-Armstrong* majority correctly concluded that the two statutes irreconcilably conflict, just as *Tellez* earlier concluded that Vehicle Code section 23640 irreconcilably conflicts with Penal Code section 1001.36. As noted, the *Diaz-Armstrong*

30

majority reasoned that harmonizing the statutes would contradict "the Court of Appeal's consistent understanding that section 23640 poses a real conflict with diversion statues that would otherwise include DUIs." (*Diaz-Armstrong*, *supra*, 67 Cal.App.5th at p. Supp. 21, citing *Tellez*, *supra*, 56 Cal.App.5th at p. 444, *Hopkins*, *supra*, 2 Cal.App.5th at pp. 1282-1283, & *Weatherill*, *supra*, 215 Cal.App.3d at p. 1577 & fn. 7.)  Like this court in *Tellez*, the *Diaz-Armstrong* majority concluded that the statutes *irreconcilably* conflicted because, when viewed separately, each is unambiguous and one prohibits what the other allows.  But when viewed together, the statutes can be harmonized.

*Tellez* concluded that Vehicle Code section 23640 and Penal Code section 1001.36 *conflicted* and therefore could not be harmonized.  As noted, *Tellez* explained:  "Both statutes are unambiguous in their plain language:  One clearly prohibits diversion for defendants charged with DUI offenses, and the other just as clearly allows mental health diversion for any defendant who meets the minimum eligibility requirements (and who is not charged with a disqualifying offense).  When it comes to DUI offenses, Vehicle Code section 23640 prohibits a court from doing what Penal Code section 1001.36 permits. The two 'statutes are in conflict and thus one must be interpreted as providing an exception to the other.' (*State Dept.* [, *supra*, 60 Cal.4th at p. 956].)  The question is which one.  Is Vehicle Code section 23640 an exception to Penal Code section 1001.36? Or is Penal Code section 1001.36 an exception to Vehicle Code section 23640?" (*Tellez*, *supra*, 56 Cal.App.5th at p. 444.)

*Tellez* then turned to the legislative history of Penal Code section 1001.36 for indicators of legislative intent concerning which of the two statutes was intended to be an

exception to the other and which was intended to prevail. The history answered the question of legislative intent; it showed that the Legislature intended Vehicle Code section 23640 to prevail. (*Tellez*, *supra*, 56 Cal.App.5th. at pp. 443-448.) The *Diaz-Armstrong* majority followed *Tellez's* reasoning in concluding, one, that Vehicle Code 23640 and Penal Code section 1001.95 irreconcilably conflicted, and two, that the Legislature intended the diversion statute, Penal Code section 1001.95, to prevail. (*Diaz-Armstrong*, *supra*, 67 Cal.App.5th at pp. Supp. 21, 24-28.)

As Ortiz argues, the texts of Penal Code sections 1001.36 and 1001.95 are quite similar: both allow diversion, except for specified offenses, and neither states that its list of ineligible offenses is exclusive. (§§ 1001.36, subds. (a), (b)(2), 1001.95, subds. (a), (e).) Further, neither statute states that its provisions apply notwithstanding any other law, including Vehicle Code section 23640. (Cf. § 1001.80, subd. (*l*).) Thus, both statutes appear to conflict with Vehicle Code section 23640 in that both appear to allow diversions for DUI charges when the statutes are viewed separately from Vehicle Code section 23640. But since we have been called upon to determine whether each of these diversion statutes can be reconciled with Vehicle Code section 23640, we cannot view the diversion statutes in isolation from Vehicle Code section 23640. Instead, we must view the diversion statutes with Vehicle Code section 23640, and when so viewed, neither diversion statute irreconcilably conflicts with Vehicle Code section 23640.

Given the similarities between Penal Code sections 1001.36 and 1001.95 and the recent Court of Appeal decisions in *Grassi*, *Tan*, and, *Islas* on the issue at hand, we have to question whether *Tellez* correctly concluded that Penal Code section 1001.36 and

Vehicle Code section 23640 were *irreconcilably* conflicting and could not be harmonized. Interpreting Penal Code sections 1001.36 and 1001.95 as subject to Vehicle Code section 23640's preexisting ban on any form of pretrial diversion for DUI charges gives full effect to all of the provisions of both diversion statutes and Vehicle Code section 23640. Nothing in either diversion statute prohibits this construction.

Although *Tellez* concluded that Vehicle Code section 23640 and Penal Code section 1001.36 conflicted and could therefore not be harmonized (*Tellez*, *supra*, 56 Cal.App.5th at p. 444) and *Moore* did not address whether the statutes conflicted or could be harmonized (*Moore*, *supra*, 58 Cal.App.5th at p. 573), the practical result in both cases was that the statutes were effectively harmonized. The conclusions in both cases that Vehicle Code section 23640 was intended to prevail, and therefore that DUI charges are categorically ineligible for diversion under Penal Code section 1001.36 (*Tellez*, at p. 444; *Moore*, at p. 582), has meant that the statutes operate concurrently to bar diversion for misdemeanor and felony DUI charges under Penal Code section 1001.36.

B. *There Is Insufficient Evidence That the Legislature Intended to Partially Repeal Vehicle Code Section 23640 When It Enacted Penal Code Section 1001.95*

Given that the statutes can be harmonized—that is, they can operate concurrently and one does not have to yield to the other—the presumption against implied repeals still applies. (See *State Dept.*, *supra*, 60 Cal.4th at pp. 956-962.) The next question is whether there is sufficient evidence of legislative intent to partially repeal Vehicle Code section 23640, in the legislative history of Penal Code section 1001.95, to rebut the

33

presumption against finding an implied partial repeal of the Vehicle Code section 23640 in the enactment of Penal Code section 1001.95.

As indicated, implied repeals can only be based on an express declaration of legislative intent or other undebatable evidence of legislative intent to repeal the older statute. (*State Dept.*, *supra*, 60 Cal.4th at pp. 955-956; *Western Oil*, *supra*, 49 Cal.3d at p. 420.) The intention to repeal must be "clearly expressed or necessarily implied." (*People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 199 (*Zamudio*) ["We do not presume that the Legislature intends, when it enacts a statute, to overthrow long-established principles of law unless such intention is clearly expressed or necessarily implied."].)

1. The Parties' Contentions

The parties dispute what the legislative history of the new diversion program shows concerning the Legislature's intent to partially repeal Vehicle Code section 23640. The People claim the history "does not evidence a clear intent to repeal" Vehicle Code section 23640. They argue that the courts in *Grassi* and *Tan* correctly concluded that the history is "anything but clear" and "anything but unambiguous" as to whether the Legislature's intended to partially repeal Vehicle Code section 23640, and they urge us to follow these courts' analyses. (*Grassi*, *supra*, 76 Cal.App.5th at p. 304; *Tan*, *supra*, 76 Cal.App.5th at p. 136; see also *Islas*, *supra*, 78 Cal.App.5th at pp. 1109-1110 [following *Grassi* and *Tan*].)

Ortiz and amicus curiae CDLA argue that the courts in *Grassi* and *Tan* "misconstrued and misapplied" the legislative history and failed to recognize what it

34

clearly and unequivocally shows: that the Legislature intended to make misdemeanor DUI charges divertible under Penal Code section 1001.95 because it resisted the demands of lawmakers in both houses to *expressly* exclude DUI charges from eligibility. (See *Diaz-Armstrong*, *supra*, 67 Cal.App.5th at pp. Supp. 24-28.) According to this argument, the Legislature, by necessary implication, partially repealed Vehicle Code section 23640 when it enacted the new diversion program because it cannot have intended to make misdemeanor DUI charges eligible for diversion under Penal Code section 1001.95, *by not excluding them from eligibility*, *without* partially repealing Vehicle Code section 23640.

The legislative history is discussed at length in *Grassi*, *Tan*, and other cases which have addressed the apparent conflict between Vehicle Code section 23640 and Penal Code section 1001.95. (*Grassi*, *supra*, 73 Cal.App.5th at pp. 300-302; *Tan*, *supra*, 76 Cal.App.5th at pp. 140-142; *Espeso*, *supra*, 67 Cal.App.5th at pp. Supp. 6-9; *Diaz-Armstrong*, *supra*, 67 Cal.App.5th at pp. Supp. 24-25.) We summarize the history here, then we explain why we believe it is insufficiently clear, or contains an insufficient showing, to rebut the presumption against finding an implied repeal of Vehicle Code section 23640.

2. The Legislative History

As introduced on February 21, 2020, Assembly Bill 3234 dealt with a different subject than misdemeanor diversion, and on June 8 the bill was placed on the Assembly inactive file. (*Grassi*, *supra*, 73 Cal.App.5th at pp. 300-301.) On August 3, the bill was placed on the third reading file for the consideration of proposed amendments. (*Grassi*,

at p. 301.)  In its August 3 form, the bill proposed "a court-initiated misdemeanor diversion program" and to lower the minimum age limitation for the Elderly Parole Program.  (Assem. 3d reading analysis of Assem. Bill 3234 (2019-2020 Reg. Sess.) as amended Aug. 3, 2020, p. 1.)  The Assembly floor analysis of the August 3 version of the bill explained that there were "multiple diversion programs under existing law" but that certain misdemeanor offenses, *including certain Vehicle Code offenses*, were "ineligible for diversion" under the existing programs.  (*Id*. at pp. 2-3.)  This analysis contrasted existing misdemeanor diversion programs with the proposed new program without specifying what the existing programs were:  "This bill would create a court-initiated misdemeanor diversion program.  A superior court judge would be authorized to divert a misdemeanor defendant over the objection of the prosecution.  Unlike existing general misdemeanor diversion, *this bill would have no statutory requirements for the defendant to satisfy in order to be eligible nor would any misdemeanors be statutorily excluded*. Whether or not to divert a misdemeanor defendant would be in the trial court's discretion."  (Assem. Bill 3234, *supra*, 3d reading, as amended Aug. 3, 2020, pp. 2-3, italics added.)

The August 3 Assembly floor analysis also noted that, according to its opponents, the bill was based on "an LA county pilot program, AB 2124 from 2014, which expired in 2018" and which excluded multiple offenses, including "DUIs."  (Assem. Bill 3234, *supra*, 3d reading, as amended Aug. 3, 2020, pp. 4-5.)  The Los Angeles County pilot program was codified in Penal Code former sections 1001.94 through 1001.99 (Stats. 2014, ch. 732, § 1, Assem. Bill No. 2124).  The August 3 Assembly floor analysis did not

36

mention Vehicle Code section 23640 or otherwise indicate that "existing law" expressly prohibited pretrial diversion for misdemeanor DUI charges.[7]

On August 20, 2020, the Orange County District Attorney (OCDA) issued a floor alert to the Assembly, opposing the bill and urging the Legislature to vote no on it. This floor alert claimed that the bill allowed for diversion in "ALL" misdemeanor cases, "WITHOUT EXCEPTION," including for "misdemeanor DUI w/injury" and "vehicular manslaughter w/alcohol but without gross negligence." This floor alert criticized the bill as a "gut and amend" and a "slap dash" attempt at circumventing the legislative process, given that it "incorporate[d] two main provisions in the public safety trailer bills that were removed due to opposition." It argued that the bill would "result in wholesale and dangerous changes in public policy" that "should not be approved without full consideration of their sweeping impact."

On August 24, 2020, the Assembly amended the bill to exclude the offenses now specified in Penal Code section 1001.95, subdivision (e), from eligibility under the proposed new diversion program. (Assem. 3d reading analysis of Assem. Bill 3234

---

[7] An earlier version the new misdemeanor diversion program, and of Penal Code sections 1001.95 to 1001.97, was proposed as part of a public safety bill, Assembly Bill No. 88 (2019-2020 Reg. Sess.) (Assembly Bill 88) on June 22, 2020. (Legis. Counsel's Dig., Assem. Comm. on Budget, Assem. Bill No. 88 (2019-2020, Summary Dig., § 14.) This initial version of the new program also did not exclude any misdemeanors from eligibility, nor did it state it would apply notwithstanding any other law. When Assembly Bill 88 came up for debate in the Assembly Budget Subcommittee on June 26, 2020, Assemblymember Cooper objected that the newly proposed misdemeanor diversion program would allow diversion for defendants charged with *any* misdemeanor, and urged that several charges, including DUI charges, be excluded from eligibility. During the June 26 hearing, neither Assemblymember Cooper nor any other speakers mentioned Vehicle Code section 23640 or that existing law prohibited diversion for DUI charges.

(2019-2020 Reg. Sess.), as amended Aug. 24, 2020, p. 1.) Like the August 3 Assembly floor analysis, the August 24 Assembly floor analysis did not mention Vehicle Code section 23640 or indicate that existing law expressly prohibited diversion for misdemeanor DUI offenses. At some point, the California District Attorneys Association (CDAA) issued a floor alert "joining other public safety organizations in strongly urging the Legislature to vote NO on AB 3234." Like the OCDA's floor alert, the CDAA's floor alert criticized the bill as a "gut and amend" that allowed diversion for "misdemeanor DUI w/injury" and "vehicular manslaughter w/alcohol but without gross negligence."

During the August 24 Assembly floor debate on the bill, the bill's author, Assemblymember Ting, noted that "we took amendments to remove consideration of sex offenses and domestic violence offenses from the diversion program." Assemblymember Cooper then pointed out that the bill had "gotten better" but "you have DUI with injury" and other offenses were not excluded, "[s]o while it's a better bill than it was, there are still some issues [and] I'm firmly opposed to it." During the Assembly floor debate, neither Ting nor any other lawmaker disputed Cooper's statement that the bill did not exclude "DUI with injury." Following the floor debate, the Assembly voted 43 to 26 to enact the bill.

On August 31, 2020, the Judicial Council issued a Senate floor alert, opposing the bill unless it was "funded and amended to align" with the former Los Angeles County pilot program. This floor alert contained a side-by-side comparison of the bill with the 2014 bill that enacted the Los Angeles County pilot program. This comparison showed

38

that the former pilot program excluded DUIs and other offenses that were not excluded under the bill.  During the August 31 Senate floor debate on the bill, Senator Melendez, echoing Assemblymember Cooper's August 24 objections on the Assembly floor, objected to the bill on the ground it allowed "a judge to provide unlimited diversion for any misdemeanor with the exclusion of sex offenses, domestic violence, and stalking.  It *does* allow for diversion for those who . . . have a DUI," among other offenses.  No other senator disputed Senator Melendez's statement that the bill allowed diversion for DUIs and other offenses, including the bill's Senate sponsor, Senator Mitchell.  (*Grassi*, *supra*, 73 Cal.App.5th at p. 302.)  The Senate voted 27 to 10 to enact the bill.

On September 8, 2020, the CDAA sent the Governor a veto request, "strongly" opposing the bill on the ground it did not exclude DUIs and other offenses that had been excluded from the former Los Angeles County pilot program.  The veto request noted that "this broad-ranging authority of courts to grant diversion without limitation on DUI offenses potentially has a very serious impact on the ability of the criminal justice system to deal with chronic and repeat DUI offenders," and explained that the bill would allow serially diverted DUI offenders to avoid identification as "high-risk, chronic, impaired driver[s]," given that diverted DUI charges would be deemed to have never occurred.

In his September 30, 2020 signing statement for the bill, the Governor expressed concern that "the crime of driving under the influence" was not excluded from the bill and said he would "seek to expeditiously remedy this issue with the Legislature in the next legislative session."  During the 2021 to 2022 legislative session, two bills to amend section 1001.95 were introduced—one to expressly exclude DUIs (Assembly Bill

No. 282 (2021-2022 Reg. Sess.) as introduced Jan. 21, 2021) (Assembly Bill 282) and another to place restrictions on diversion in DUI cases (Senate Bill No. 421 (2021-2022 Reg. Sess.), as introduced Feb. 12, 2021) (Senate Bill 421.)  On May 27, 2021, Assembly Bill No. 282 overwhelmingly passed the Assembly, 64 to 9, but it failed passage in the Senate on July 13, 2021.  Senate Bill No. 421 did not advance to a floor vote; it was placed on the Senate Appropriations Committee suspense file on May 10, 2021.

    3. <u>Analysis</u>

We begin by noting that the courts in *Grassi*, *Tan*, and *Espeso* have addressed the parties' arguments concerning particular facets of the legislative history, and we agree with their analyses and conclusions on these points.  (See *Islas*, *supra*, 78 Cal.App.5th at p. 1110.)  Nonetheless, we agree with Ortiz and CDLA that history as a whole unequivocally shows that the Legislature voted to enact the new diversion program (Assembly Bill 3234 (2019-2020 Reg. Sess.), over strenuous and consistent opposition, in both houses of the Legislature and by prominent groups outside of the Legislature, that the new diversion program did not exclude multiple charges, including DUI charges, from eligibility.  This suggests that the Legislature intended to permit diversion for misdemeanor DUI charges under Penal Code section 1001.95.

We note here that this showing, without any other evidence, might be sufficient to establish that Penal Code section 1001.95 was intended to prevail over Vehicle Code section 23640, if the statutes irreconcilably conflicted.  (See *Tellez*, *supra*, 56 Cal.App.5th at p. 444; *Diaz-Armstrong*, *supra*, 67 Cal.App.5th at pp. Supp. 24-28.)  In that event, one statute would have to give way to the other; one would, by necessary

40

implication in their texts, be impliedly repealed, and we would look to relevant legislative history for clues or indications of the which statute the Legislature intended to prevail. (*Tellez*, at p. 444.)

But the statutes do not irreconcilably conflict. They can be harmonized. They can operate concurrently. One does not have to yield to the other; thus, the presumption against implied repeals still applies. (See *State Dept.*, *supra*, 60 Cal.4th at pp. 955-956.) As noted, rebutting the presumption requires an unequivocal showing of legislative intent to repeal. (*Western Oil*, *supra*, 49 Cal.3d at p. 420; *Zamudio*, *supra*, 23 Cal.3d at p. 199.) That is, the intent to repeal must be "clearly expressed or necessarily implied." (*Zamudio*, at p. 199.) Conversely, the evidence of intent to repeal cannot be ambiguous or equivocal; it cannot permit competing inferences.

According to Ortiz and CDLA, the intent to repeal Vehicle Code section 23640 is necessarily implied because the Legislature cannot have intended to make misdemeanor DUI charges eligible for diversion under Penal Code section 1001.95, by failing to expressly exclude them from eligibility under the new statute, without intending to repeal Vehicle Code section 23640's existing ban on diversion for misdemeanor DUI charges. We disagree, because the history permits a contrary intent that the Legislature did not intend to partially repeal Vehicle Code section 23640.

To be clear, the history unequivocally shows that the Legislature enacted Assembly Bill 3234 over strenuous and consistent opposition that it would permit diversion for DUIs because it did not exclude diversion for DUIs. But, just as unequivocally, the history also shows that the Legislature did not consider partially

41

repeating Vehicle Code section 23640 when it enacted the new diversion program. As Ortiz concedes, "there is no evidence that the Legislature that enacted the new misdemeanor statute *even considered* [Vehicle Code] section 23640." (Italics added.)

As indicated, neither Vehicle Code section 23640, nor the fact that existing law barred diversion for DUI charges was mentioned in any of the legislative reports, analyses, debates, or other proceedings concerning Assembly Bill 3234 (2019-2020 Reg. Sess.) or its predecessor, Assembly Bill, 88 (2019-2020 Reg. Sess.) Not even the opponents of the bill ever mentioned Vehicle Code section 23640 or that existing law barred diversion for DUI charges. As *Tan* observed, "the failure to even mention section 23640 hardly evidences clear legislative intent that the new legislation would override its existing ban on diversion for DUIs." (*Tan*, *supra*, 76 Cal.App.5th at p. 148.)

The majority in *Diaz-Armstrong* found that Assemblyman Cooper's and Senator Melendez's unrebutted objections to the bill amounted to "compelling evidence that the Legislature as a whole intended to include misdemeanor DUIs" as eligible for diversion under Penal Code section 1001.95." (*Diaz-Armstrong*, *supra*, 67 Cal.App.5th at p. Supp. 26.) At most, however, this evidence, and the legislative history as a whole, shows that it was understood by the legislators who voted on the bill, and the groups outside the legislature who were lobbying against the bill, that *the bill* did not exempt misdemeanor DUI charges from diversion, and therefore, that misdemeanor DUI charges would be eligible for diversion under *the bill*. This understanding is distinct from a legislative intent to partially repeal Vehicle Code section 23640. As far as the Legislature knew when it voted to enact the bill, existing law did not prohibit diversion for DUI charges.

42

Under these circumstances, a vote to enact the bill cannot be equated with a vote to partially repeal Vehicle Code section 23640 to the extent it would operate to bar diversion for misdemeanor DUI charges under Penal Code section 1001.95.

Although no legislators disputed Assemblymember Cooper's or Senator Melendez's floor statements that the bill did not exempt and therefore would allow diversion for DUI charges, no legislator who supported the bill, during the floor debates or in any other proceedings concerning the bill, ever said that the bill *would* permit diversion for misdemeanor DUI charges. Further, DUI charges were never the focus of the bill. During the Senate floor debate on the bill, Senator Melendez was the only lawmaker who mentioned the term "DUI." No one said the bill would partially repeal Vehicle Code scion 23640, or existing law, and no one voiced support for the bill because it would result in such a repeal. In sum, there is no affirmative showing, in any of the legislative history, that the Legislature intended to partially repeal Vehicle Code section 23640 when it enacted Penal Code section 1001.95.

On this record, then, an implied repeal of Vehicle Code section 23640 would be based on legislative silence: silence in the text of Penal code section 1001.95, which can be harmonized with Vehicle Code section 23640, and silence in the legislative history of Penal Code section 1001.95 of any legislative consideration, much less intention, to partially repeal existing law's ban on diversion for misdemeanor DUI charges. Implied repeals based on silence, either in the text of the newer statute or its legislative history are strongly disfavored. (*Siko*, *supra*, 45 Cal.3d at pp. 824-825 ["Had the Legislature contemplated the [implied repeal] construction the People now advance, the reports

43

surely would have at least mentioned that potentiality."]; *In re Chrstian S.* (1994) 7 Cal.4th 768, 792 ["We are asked in this case to decide whether the Legislature intended to abolish a well-established legal doctrine that raises significant public policy considerations. We are not persuaded the Legislature would have silently, or at best obscurely, decided so important and controversial a public policy matter and created a significant departure from the existing law."].)

The problem with implied repeals based on silence is that they allow Legislatures to repeal older statutes enacted by majorities of prior Legislatures without necessarily having majority support in the current Legislature for repealing the older statutes. The presumption against implied repeals, and the showing of unequivocal evidence of legislative intent required to rebut it, serves the salutary purpose of preventing implied repeals based on less-than-majority support in the current Legislature to repeal the earlier enactment. Implied repeals based on silence allow such unauthorized repeals. (*Zamudio*, *supra*, 23 Cal.4th at p. 199.)

Ortiz argues that our conclusion effectively tells the Legislature how to express its intent in enacting statutes, which is not our province. Ortiz relies on *People v. Lopez* (2022) 12 Cal.5th 957 (*Lopez*), where our Supreme Court applied the following principle: "In cases concerning the presumption favoring retroactivity of ameliorative changes to the criminal law, we have said that case law 'do[es] not "dictate to legislative drafters the forms in which laws must be written" to express an intent to modify or limit the retroactive effect of an ameliorative change; rather, they require "that the Legislature

44

demonstrate its intention with sufficient clarity that a reviewing court can discern and effectuate it." ' " (*Id.* at p. 968.)

We are not telling the Legislature how to express its intent. Nor are we requiring an express statement of legislative intent to partially repeal Vehicle Code section 23640 to rebut the presumption against implied repeal. (*State Dept.*, *supra*, 60 Cal.4th at pp. 955-956.) We are, however, requiring that the Legislature demonstrate its intent to repeal Vehicle Code section 23640 with sufficient clarity so that we could discern and effectuate it. (*Lopez*, *supra*, 12 Cal.5th at p. 968; *Zamudio*, *supra*, 23 Cal.4th at p. 199; *Western Oil*, *supra*, 49 Cal.3d at p. 420.) Here, the Legislature did not express its intent to repeal Vehicle Code section 23640 with sufficiently clarity to rebut the presumption against finding an implied repeal of Vehicle Code section 23640, given that the record shows that the Legislature did not consider partially repealing Vehicle Code section 23640 when it enacted Penal Code section 1001.95.

Lastly, we observe that, if Vehicle Code section 23640 and Penal Code section 1001.95 were irreconcilably conflicting, as Ortiz maintains, then, and given the lack of any clear indication of a legislative intent to partially repeal the older statute, the older statute would prevail because it is the more specific on the subject of whether *misdemeanor DUI charges* are eligible for diversion under the misdemeanor diversion statute, Penal Code section 1001.95. " 'If conflicting statutes cannot be reconciled, later enactments supersede earlier ones [citation], and more specific provisions take precedence over more general ones [citation].' [Citation.] But when these two rules are in conflict, the rule that specific provisions take precedence over more general ones

45

trumps the rule that later-enacted statutes have precedence." (*State Dept.*, *supra*, 60 Cal.4th at pp. 960-961; *Agric. Labor Relations Bd. v. Superior Court* (1976) 16 Cal.3d 392, 420; *People v. Gilbert* (1969) 1 Cal.3d 475, 479; *In re Williamson* (1954) 43 Cal.3d 651, 654; Code Civ. Proc., § 1859.)

*Tan* noted that the specific versus general canon did not apply because the statutes could be harmonized. (*Tan*, *supra*, 76 Cal.App.5th at p. 143.) *Grassi* noted that the application of the specific verses general canon had led to varying results in the prior case law concerning the conflicts or potential conflicts between Vehicle Code section 23640 and other diversion statutes, and the canon was unhelpful in resolving the potential conflict between Vehicle Code section 23640 and Penal Code section 1001.95 because, as in the prior cases, "depending on one's arbitrary choice of focus, either [statute] could be construed as the more specific." (*Grassi*, *supra*, 73 Cal.App.5th at pp. 306-307 ["Like the legislative history, the canons of statutory construction are of no assistance here."].)

The application of the canon here does not depend on an arbitrary choice of focus. In the prior cases, the diversion statutes in question authorized diversion for specific persons. (§§ 1001.21 [persons with developmental disabilities], 1001.80 [U.S. military members], and 1001.36 [persons suffering from qualifying mental health disorders.) Penal Code section 1001.95 differs from these diversion statutes, in that it authorizes diversion, not for specific groups of persons, but for *anyone* being prosecuted for "a misdemeanor" except certain misdemeanors. (§ 1001.95, subds. (a), (e).) Vehicle Code 23640 bars diversion for *anyone* being prosecuted *specifically* for a misdemeanor DUI offense. Thus, Vehicle Code section 23640 is the more specific statute on the subject of

46

whether *misdemeanor DUI charges* are eligible for diversion under Penal Code section

1001.95.  (See *Weatherill*, *supra*, 215 Cal.App.4th at p. 1577-1578.)

C.  *The Rule of Lenity Does Not Apply*

Ortiz claims the rule of lenity requires us to interpret Penal Code section 1001.95

as permitting pretrial diversion for misdemeanor DUI charges.  Ortiz claims, "if there is

any ambiguity in Penal Code section 1001.95, it must be construed to permit eligibility

for DUI defendants."  Under the rule of lenity, "[w]hen language which is susceptible of

two constructions is used in a penal law, the policy of this state is to construe the statute

as favorably to the defendant as its language and the circumstance of its application

reasonably permit.  The defendant is entitled to the benefit of every reasonable doubt as

to the true interpretation of words or the construction of a statute."  (*People v. Overstreet*

(1986) 42 Cal.3d 891, 896.)

Thus, "when 'two reasonable interpretations of the same provision stand in

relative equipoise, i.e., . . . resolution of the statute's ambiguities in a convincing manner

is impracticable,' we construe the provision most favorably to the defendant."  (*People v.

Hernandez* (2003) 30 Cal.4th 835, 869, overruled in part on other ground.)  Further,

["t]he rule of lenity does not apply every time there are two or more reasonable

interpretations of a penal statute.  [Citation.]  Rather, the rule applies ' "only if the court

can do no more than guess what the legislative body intended; there must be

an *egregious* ambiguity and uncertainty to justify invoking the rule." '  [Citation]  In

other words, 'the rule of lenity is a tie-breaking principle, of relevance when " ' two

47

reasonable interpretations of the same provision stand in relative equipoise . . . .' " ' "
(*People v. Manzo* (2012) 53 Cal.4th 880, 889.)

The rule of lenity does not apply here because Penal Code section 1001.95 is unambiguous, and no two reasonable interpretations of the statute stand in relative equipoise. As discussed, the statute can reasonably be harmonized with Vehicle Code section 23640 to prohibit diversion for misdemeanor DUI charges. And, given that the record does not clearly and unequivocally show that the Legislature intended to partially repeal Vehicle Code section 23640 when it enacted Penal Code section 1001.95, this prohibits us from finding an implied, partial repeal of Vehicle Code section 23640 in the enactment of Penal Code section 1001.95. (*State Dept.*, *supra*, 60 Cal.4th at p. 955; *Western Oil*, *supra*, 49 Cal.3d at p. 420.) Rather, we maintain the integrity of both statutes by construing Vehicle Code section 23640 as prohibiting pretrial diversion for misdemeanor DUI charges under Penal Code section 1001.95. (*Western Oil*, at p. 419.)

V.

Let a writ of mandate issue, directing the superior court to vacate its order granting respondent Ortiz pretrial diversion on misdemeanor charges of violating Vehicle Code section 23152, subdivisions (a) and (b), and to enter a new order denying respondent Ortiz pretrial diversion on her misdemeanor DUI charges under Penal Code section 1001.95.

Petitioner is directed to prepare and have a writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proofs of service on all parties.

CERTIFIED FOR PUBLICATION

FIELDS\
Acting P.J.

I concur:


RAPHAEL\
J.

49

RAPHAEL, J., Concurring.

In my view, the way to read these two statutes together is by applying the principle that a specific statement from the Legislature typically controls over a conflicting general statement.

This is, first, how we naturally read language. If one park sign states, "food and drinks allowed" and one next to it states, "no alcoholic beverages," their language technically conflicts as to whether a parkgoer can open a bottle of wine. But any picnicker understands the signs as meaning that they cannot do so. One sign gives a general green light to eating and drinking, and the other prohibits some specific items. Their commands technically conflict, but we easily read them together, understanding that they express different levels of intent about what is allowed in the park.

This likewise is the natural reading of the two statutes here. One statute broadly allows courts to offer diversion for "a misdemeanor," with four listed exceptions that do not include driving under the influence (DUI). (Pen Code § 1001.95 (section 1001.95).) The other statute prohibits courts from offering diversion in "any case" in which a person is charged with a DUI. (Veh. Code § 23640 (section 23640; other undesignated sections are to the Penal Code).)

As with the parkgoer, the natural reading reconciles these two statutes just as Code of Civil Procedure section 1859 says it should: "when a general and [a] particular provision are inconsistent, the latter is paramount to the former. So a particular intent

1

will control a general one that is inconsistent with it."[1]  In this case, the Legislature has spoken specifically to preclude diversion in "any" DUI case, which evinces a "particular intent" that is "paramount" to the statute that shows a "general one" allowing misdemeanor diversion.  (Code Civ. Proc., § 1859.)  I would refer to this as the "specific-over-general" canon of construction.[2]

The specific-over-general canon is especially appropriate for interpreting democratically enacted statutes.  We *know* that the Legislature enacting section 23640 voted to prohibit DUI diversion in any case, which means we know that Legislature's intent for this case.  We do not *know* how many legislators who generally authorized misdemeanor diversion by voting for section 1001.95 intended to eliminate the DUI diversion prohibition for this case.  What would have happened if the bill's proponents

---

[1] I disagree with the dissent's view that whether the general statement includes the word "all" determines how we read a conflicting specific statement.  Rather, the natural reading comes from comprehending a general and specific intent.  If one pandemic sign says "All Persons Must Wear Masks" and another nearby states "Masks Not Required for Children Under Two" we read the second as governing babies, even though they are persons covered under the first sign alone.  If the first sign said simply "Masks Required," our reading would follow the same logic.  My view is that if ordinary readers were given the two laws in this case, they would have no trouble reconciling them in favor of the specific DUI diversion prohibition.  That would hold true if told (counter-factually) that the DUI prohibition was later-enacted.  The trouble that the Court of Appeal has had with these two statutes originates not with the words in the laws, but with the extra-textual knowledge that the general diversion statute was later-enacted.

[2] At its deep legal roots, the specific-over-general canon was referred to as the rule "*generalia specialibus non derogant*."  (*Ex Parte Crow Dog* (1883) 109 U.S. 556, 570.)  Common law cases explained that its reason is "'that the legislature having had its attention directed to a special subject . . . does not intend, by a general enactment afterwards, to derogate from its own act when it makes no special mention of its intention to do so.'"  (*Id*. at pp. 570-571.)

2

had added to section 1001.95 a specific statement that section 23640 does not apply? Would the legislation have lost enough votes to doom it? Did the proponents keep the statute silent as to DUI for that reason, allowing members to maintain varying views on whether they were partially repealing section 23640? We cannot know. But a specific statutory command should be met with a specific repeal. If we fail to require a specific expression of legislative intent to repudiate one that the Legislature has already expressed specifically, we allow one legislative session's vague or general intent to overcome another legislative session's specific one. And we encourage proponents of a law to muster a difficult majority to repeal a law by staying vague, hoping the courts will complete the work that they might not accomplish by a vote on specific statutory text.

Importantly, our Supreme Court has stated that for the specific-over-general canon, it does not matter which provision was enacted first: "'It is the general rule that where the general statute standing alone would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute whether it was passed before or after such general enactment.'" (*In re Williamson* (1954) 43 Cal.2d 651, 654 (*Williamson*).)[3] Not unlike in this case, our Supreme Court has held that a statute criminalizing a particular type of conspiracy was more specific

---

[3] When our Supreme Court recently applied the specific-over-general canon in *Stoetzl v. Department of Human Resources* (2019) 7 Cal.5th 718, 748, it stated that a more specific statute "must prevail to the extent of a conflict." In *State Dept. of Public Health v. Superior Court* (2015), 60 Cal.4th 940, 960, the Court reiterated that "the rule that specific provisions take precedence over more general ones trumps the rule that later-enacted statutes have precedence [over earlier ones]."

3

(and thus the exclusive way to charge a crime) than one that generally criminalized all conspiracies.  (*Id.* at pp. 654-655.)

The cases that have decided our issue have rejected the specific-over-general canon with the astute observation that, given two conflicting statutes, "depending on one's arbitrary choice of focus, either could be construed as the more specific."  (*Grassi v. Superior Court* (2021) 73 Cal.App.5th 283, 307 (*Grassi*); *Tan v. Superior Court* (2022) 76 Cal.App.5th 130, 143.)  There is a choice of focus whenever a purportedly specific statute is not entirely a subset of the general one.  The "choice of focus," however, is not arbitrary here, and that also is not our Supreme Court's test for the canon's application.

This case does not present an arbitrary choice as to which statute is general and which is specific.  Section 1001.95 broadly authorizes diversion for dozens of misdemeanor statutes based on a sweeping rule, without listing each crime particularly.  That includes familiar misdemeanors dealing with simple assault and battery; burglary; petty theft or shoplifting; checks and access cards; counterfeiting; drug offenses; domestic violence; indecent exposure; child abuse or endangerment; obscene matter; lewd conduct; prostitution; public drunkenness; liquor law violations; disorderly conduct; disturbing the peace; graffiti; vandalism; trespassing; weapons offenses; hit and run; driving on a suspended license; reckless driving; and gambling.  There also are an assortment of more obscure misdemeanors, including, among others, misdirecting a taxi customer to a hotel different from the one requested (Pen. Code § 649); installing two-

4

way mirrors in locker rooms (Pen. Code § 653n), and selling an endangered animal or its body part or product (Pen. Code § 653r).  Few statutes are more general than this one.

Yet section 23640 carves out only two of this compendium of statutes, and it identifies them in particular:  the DUI crimes defined by Vehicle Code sections 23152 and 23153.  Looked at in this way, it is hard to escape the conclusion that the prohibition on DUI diversion is specific, while the authorization of diversion for misdemeanors is general.  One statute applies to a broad and unlisted set of crimes—more than we can easily count—and another applies to just two identified ones in that set.  Does anyone really think the DUI diversion prohibition is more general?

In any event, where the conduct covered by the specific statute is not entirely a subset of the general statute, our Supreme Court's test for determining whether the canon applies is not whether we can imagine different focal points to construe the statutes as specific or general.  The Court has rejected that by stating "'[i]t is not correct'" that the canon "'is inapplicable whenever the general statute contains an element not found within the four corners'" of the specific statute.  (*People v. Murphy* (2011) 52 Cal.4th 81, 87.)  Rather, the test is whether "'it appears from the entire context that a violation of the "special" statute will necessarily or commonly result in a violation of the "general" statute.'"  (*Ibid.*; *People v. Walker* (2002) 29 Cal.4th 577, 585; *People v. Jenkins* (1980)

5

28 Cal.3d 494, 502 [test is "necessarily or commonly result" rather than whether the specific statute "mirrored" the general one's elements].)[4]

These statutes readily satisfy that test. By the terms of the Vehicle Code, the vast majority of DUIs are misdemeanors: in many situations, a person's first three DUI convictions within a ten-year period are all misdemeanors. (See Veh. Code § 23546.) Thus, from the face of the statute, conduct covered by the DUI statutes "necessarily or commonly" is covered by the general misdemeanor statute as well. That is also the case in experience. In 2020, about 96% of California DUI arrests were misdemeanor arrests.[5]

Finally, I recognize that the specific-over-general canon might in theory be overcome by an adequate showing of legislative intent from legislative history. But normally we rely on legislative history simply to construe the most appropriate meaning of a statutory term. We typically discern the best application of the enacting legislature's intention. Here, in contrast, we must look for an acceptable showing that, despite not enacting statutory text that abrogated section 23640, the Legislature intended to do so. We have a countervailing statutory concern and a countervailing intent that we must honor: the earlier Legislature enacted its intention to preclude DUI diversion into law.

---

[4] The Court of Appeal has regularly applied the "necessarily or commonly" test to discern legislative intent when criminal conduct falls under two statutes, one arguably the specific one that governs. (See, e.g., *People v. Joseph* (2019) 33 Cal.App.5th 943, 956-957 [as to filing a false stolen vehicle report, Veh. Code § 10501 is a specific statute and Pen. Code § 118 (perjury) the general statute]; *People v. Henry* (2018) 28 Cal.App.5th 786, 796-797 [as to signing with a false name, Veh. Code § 40504, subd. (b) is a specific statute and Pen. Code § 529 (impersonation) the general statute].)

[5] The state Department of Justice's 2020 crime report shows 4,245 DUI felony arrests and 92,048 DUI misdemeanor arrests, for a total of 96,293 DUI arrests. (Crime in California 2020 (2021) California Department of Justice, pp. 44, 46-48.)

That is why when there is no express declaration of legislative intent to repeal an earlier law, we may find an implied repeal "only when there is no rational basis for harmonizing the two potentially conflicting statutes, and the statutes are irreconcilable, clearly repugnant, and so inconsistent that the two cannot have concurrent operation." (*Tuolumne Jobs & Small Business Alliance v. Superior Court* (2014) 59 Cal.4th 1029, 1039 [cleaned up].)

The prior legislature's intention was enacted into statutory law, yet the analyses of section 1001.95 prepared for the legislators contain no mention of section 23640, nor even of DUI diversion. There appears to be not a single statement from any supporter of the bill concerning DUI diversion or section 23640. We have some "floor alerts" and other statements from the *opponents* of the bill that suggest that DUI will be covered, but use of the arguments of those trying to defeat a bill is a weak way to prove the intent of its supporters. Such opposing statements might be offered even if the proponents kept vague their intention as to section 23640, knowing they disagreed as to their intent about the applicability of that law, to gain a majority for their bill.

Our Legislature as recently as 2017 showed it is easy to *draft* a statutory provision that allows diversion for DUIs despite section 23640. It enacted Penal Code section 1001.80, subdivision (l), which authorized misdemeanor diversion for the military "notwithstanding" section 23640. Yet three years later, the proponents of section 1001.95 not only included no such clause in the statute, but they kept silent about DUI diversion and section 23640 in their bill analyses and floor statements. Why not include

7

the same "notwithstanding" clause in section 1001.95, if the Legislature intended as much?  Why not at least refer in the official bill analyses to a view that the statute authorizes DUI diversion despite section 23640, if they believed that?  One answer may be that expressly authorizing diversion for any California DUI misdemeanor—with no restrictions due to recidivism or gravity of the DUI, and with no required conditions to deter recurrence— is politically tough to *enact*.  Section 23640 doesn't incapacitate today's Legislature, but it requires it to face the issue of whether it wants DUI diversion and, if so, how.  So long as the Legislature's specific section 23640 prohibition remains on the books, we do the democratic process no favors by allowing a general statement and (possibly tactical) silence to suffice to countermand it.

While I join the opinion, I believe the principle that a specific statement trumps a general one is the way to reconcile these two statutes.  And we should apply that canon, as our Supreme Court often has, because it provides the Legislature with a default rule that indicates that if it wishes to partially repeal a statute, it had best make that intention express through the words of the statute.  That's what its predecessor Legislature did in enacting the earlier law.

RAPHAEL     

J.

8

MENETREZ, J., Dissenting.

Vehicle Code section 23640 prohibits diversion for both felony and misdemeanor driving under the influence (DUI). Penal Code section 1001.95 authorizes diversion for all misdemeanors subject to a short list of ineligible offenses, and DUIs are not on the list. (Unlabeled statutory citations refer to the Penal Code.) Thus, section 1001.95 and Vehicle Code section 23640 at least appear to conflict. The question presented in this case is whether, given that apparent conflict, misdemeanor DUIs are eligible for diversion under section 1001.95.

I conclude that they are, for the following reasons: The statutes irreconcilably conflict, because they are unambiguous and Vehicle Code section 23640 prohibits what section 1001.95 permits. The statutes therefore cannot be harmonized, i.e., they cannot be interpreted in such a way as to resolve the conflict while giving full effect to both statutes. Neither statute is more specific than the other—section 1001.95 is specific to misdemeanors, and Vehicle Code section 23640 is specific to DUIs. Section 1001.95 therefore controls because it was enacted later. The legislative history is entirely in accord. It contains ample evidence that the Legislature intended section 1001.95 to authorize diversion for misdemeanor DUIs, and it contains no evidence to the contrary. *People v. Superior Court* (*Diaz-Armstrong*) 67 Cal.App.5th Supp. 10 (*Diaz-Armstrong*) agrees.

The majority and concurring opinions disagree. In so doing, they reach the same conclusion as *Grassi v. Superior Court* (2021) 73 Cal.App.5th 283 (*Grassi*), *Tan v.*

*Appellate Division of Superior Court* (2022) 76 Cal.App.5th 130 (*Tan*), *Islas v. Appellate Division of Superior Court* (2022) 78 Cal.App.5th 1104 (*Islas*), and *People v. Superior Court* (*Espeso*) (2021) 67 Cal.App.5th Supp. 1 (*Espeso*). Like all four of those cases, the majority and concurring opinions conclude that section 1001.95 and Vehicle Code section 23640 can be harmonized by interpreting section 1001.95 as authorizing diversion for all misdemeanors except those listed as ineligible in section 1001.95 *and DUIs*.

It is important to be clear about the nature of that holding. The majority and concurring opinions and similar cases do not hold that section 1001.95 authorizes diversion for misdemeanor DUIs but is overridden by Vehicle Code section 23640's ban on diversion for all DUIs. Rather, they hold that section 1001.95, when properly interpreted, does not authorize diversion for misdemeanor DUIs in the first place. As a result, the initial appearance of conflict between section 1001.95 and Vehicle Code section 23640 turns out to be illusory. In reality, there is no conflict at all.

That distinction—between harmonizing the statutes, on the one hand, and recognizing an irreconcilable conflict and deciding which statute trumps, on the other—is crucial, because it decisively shapes the rest of the analysis. If we are harmonizing the statutes, then our interpretation must be guided by the rule that "'[a]ll presumptions are against a repeal by implication.'" (*Garcia v. McCutchen* (1997) 16 Cal.4th 469, 476.) That rule will lead us to make every effort to interpret the newer statute in such a way as to leave the older statute undisturbed. But if I am right that the statutes cannot be harmonized, then our analysis is governed by the opposite rule, that the newer statute is controlling.

2

The same distinction will similarly influence our review of the legislative history. If we believe the statutes can be harmonized, then the presumption against implied repeal will lead us to try to explain away any evidence that the Legislature intended such a repeal. But if we believe the statutes irreconcilably conflict and we are just trying to figure out which statute the Legislature intended to be paramount, then our analysis of the legislative history will not be dominated by a bias in favor of the older statute.

In Part 1 of this dissent, I describe the applicable doctrinal framework. In Part 2, I argue that section 1001.95 and Vehicle Code section 23640 irreconcilably conflict. In Part 3, I explain why section 1001.95 controls over Vehicle Code section 23640. Part 4 addresses the case law, Part 5 addresses the majority opinion, and Part 6 addresses the concurrence.

Having comprehensively surveyed the analyses contained in the case law and in today's opinions, I have yet to find a meritorious argument for the conclusion that section 1001.95 and Vehicle Code section 23640 can be harmonized or that misdemeanor DUIs are ineligible for diversion under section 1001.95. I therefore respectfully dissent.

1.      *Legal Framework*

When deciding how to apply two statutes that appear to conflict, we apply the following framework: "'"'A court must, where reasonably possible, harmonize statutes, reconcile seeming inconsistencies in them, and construe them to give force and effect to all of their provisions. [Citations.] This rule applies although one of the statutes involved deals generally with a subject and another relates specifically to particular aspects of the subject." [Citation.] Thus, when "'two codes are to be construed, they

3

"must be regarded as blending into each other and forming a single statute." [Citation.] Accordingly, they "must be read together and so construed as to give effect, when possible, to all the provisions thereof." [Citation.]'" [Citation.] Further, ""'[a]ll presumptions are against a repeal by implication. [Citations.]" [Citation.] Absent an express declaration of legislative intent, we will find an implied repeal "only when there is no rational basis for harmonizing the two potentially conflicting statutes [citation], and the statutes are 'irreconcilable, clearly repugnant, and so inconsistent that the two cannot have concurrent operation.'"'"" [Citations.]

"But the requirement that courts harmonize potentially inconsistent statutes when possible is not a license to redraft the statutes to strike a compromise that the Legislature did not reach. [Citation.] The cases in which [the Supreme Court has] harmonized potentially conflicting statutes involve choosing one plausible construction of a statute over another in order to avoid a conflict with a second statute. [Citations.] This canon of construction, like all such canons, does not authorize courts to rewrite statutes." (*State Dept. of Public Health v. Superior Court* (2015) 60 Cal.4th 940, 955-956 (*State Dept. of Public Health*).)

If there is an actual (rather than merely apparent) conflict between two statutes— that is, they cannot be interpreted in such a way as to give full effect to both—then they cannot be harmonized, and "one must be interpreted as providing an exception to the other." (*State Dept. of Public Health*, *supra*, 60 Cal.4th at p. 956; *id.* at p. 958 [rejecting the lower court's "harmonization efforts" because they "did not give full effect" to the statutes at issue]; *Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses,*

*LLC* (2015) 61 Cal.4th 830, 838 (*Even Zohar*) [harmonizing two statutes by adopting "a reasonable construction that gives full effect to both"].) "The rules we must apply when faced with two irreconcilable statutes are well established. 'If conflicting statutes cannot be reconciled, later enactments supersede earlier ones [citation], and more specific provisions take precedence over more general ones [citation].' [Citation.] But when these two rules are in conflict, the rule that specific provisions take precedence over more general ones trumps the rule that later-enacted statutes have precedence. [Citations.]" (*State Dept. of Public Health*, at pp. 960-961.)

To summarize: There is a strong presumption against implied repeal. Consequently, if we can interpret two seemingly conflicting statutes in such a way as to resolve the apparent conflict while giving full effect to both statutes, then we must do so, thereby harmonizing them. But we cannot rewrite the statutes in order to achieve that result, either to avoid an implied repeal or for any other reason.

If the two statutes cannot be interpreted so as to resolve the conflict while giving full effect to both, then we must determine which one is an exception to the other. In doing so, we are no longer guided by the presumption against implied repeal. Rather, the later-enacted or more specific statute takes precedence, and in case of a conflict between those two canons, the more specific statute is controlling. Moreover, our overarching goal is to give effect to the Legislature's intent. (*State Dept. of Public Health*, *supra*, 60 Cal.4th at p. 961 ["'[O]ur goal is to discern the probable intent of the Legislature so as to effectuate the purpose of the laws in question'"].)

2.   *Section 1001.95 and Vehicle Code Section 23640 Conflict and Cannot Be Harmonized*

"[Vehicle Code] section 23640 bars diversion in DUI cases.  [Citation.]  The statute has been the law since 1981.  [Citation.]  In relevant part, it states that '[i]n any case in which a person is charged with' violating Vehicle Code section 23152 (for DUI) or 23153 (for DUI causing bodily injury), the court shall not suspend, stay, or dismiss the proceedings 'for the purpose of allowing the accused person to attend or participate . . . in any one or more education, training, or treatment programs.'  (Veh. Code, § 23640, subd. (a).)"  (*Tellez v. Superior Court* (2020) 56 Cal.App.5th 439, 443 (*Tellez*), fn. omitted.)

Section 1001.95 provides for pretrial diversion for all misdemeanors, subject to a short list of exceptions that does not include DUIs.  Subdivision (a) of section 1001.95 provides as follows:  "A judge in the superior court in which a misdemeanor is being prosecuted may, at the judge's discretion, and over the objection of a prosecuting attorney, offer diversion to a defendant pursuant to these provisions."  The provisions of section 1001.95 include subdivision (e), which provides that "[a] defendant may not be offered diversion pursuant to this section for" registrable sex offenses, domestic violence, and stalking.  Section 1001.95 does not exclude any other misdemeanors from diversion.

Both statutes are unambiguous, and they directly conflict.  Vehicle Code section 23640 unambiguously prohibits diversion for all DUIs, including misdemeanor DUIs.  Subdivision (a) of section 1001.95 unambiguously authorizes diversion for all misdemeanors "pursuant to these provisions," the only provision of section 1001.95 identifying any exceptions is subdivision (e), and DUIs are not listed in subdivision (e).

6

There is no way to interpret the language of either statute so as to resolve that conflict. One statute unambiguously prohibits what the other statute unambiguously permits.

There are a couple of ways to see that there is an actual, rather than merely apparent, conflict between the statutes and that they therefore cannot be harmonized. One way is to consider related case law. In *Hopkins v. Superior Court* (2016) 2 Cal.App.5th 1275 (*Hopkins*), the court addressed the apparent conflict between Vehicle Code section 23640 and the then-new military diversion program under section 1001.80. (*Hopkins*, *supra*, at pp. 1278-1279.) At that time, section 1001.80 provided that "'[t]his chapter shall apply whenever a case is before a court on an accusatory pleading alleging the commission of a misdemeanor offense,' and the defendant is a former or current member of the military who may be suffering from service-related trauma, PTSD, substance, or mental health issues." (*Hopkins*, at p. 1282, italics omitted.) Section 1001.80 authorized the court to order diversion for a defendant who met the requirements of the statute. (*Hopkins*, at p. 1282.) The *Hopkins* court concluded that "[t]here is no ambiguity in this language: 'whenever' a qualified defendant is charged with 'a misdemeanor offense,' the court may place the defendant in a pretrial diversion program." (*Ibid.*) Because Vehicle Code section 23640 "is equally unambiguous" in its prohibition of diversion for DUIs (*Hopkins*, at p. 1282), the statutes "cannot be reconciled with respect to defendants in DUI cases who meet the stated criteria under section 1001.80." (*Id.* at p. 1283.)

The court rejected the People's contention that the statutes could be harmonized by limiting section 1001.80 to non-DUI misdemeanors. (*Hopkins*, *supra*, 2 Cal.App.5th

at p. 1282.) The court explained, "the People's attempt to harmonize rewrites section 1001.80 to add an additional criterion not found in the express language, i.e., that the defendant cannot be charged with a misdemeanor DUI offense. But, as the Supreme Court instructs, the requirement to 'harmonize potentially inconsistent statutes when possible is not a license to redraft the statutes.'" (*Ibid.*)[1]

This court's opinion in *Tellez* employed identical analysis and reached the same conclusion. *Tellez* addressed the apparent conflict between Vehicle Code section 23640 and mental health diversion under section 1001.36. (*Tellez*, *supra*, 56 Cal.App.5th at p. 442.) Section 1001.36 authorizes diversion for "a defendant" who is charged with "a misdemeanor or felony offense" if the defendant has "a mental disorder" and meets certain eligibility criteria. (§ 1001.36, subds. (a), (b)(1)(A).) The statute also includes a short list of charges that are not eligible for diversion, but DUIs are not among them. (*Id.*, subd. (b)(2).) *Tellez* concluded that Vehicle Code section 23640 and section

---

**1.** Less than one month before *Hopkins* was decided, another court reached the opposite conclusion, holding that diversion under section 1001.80 was not available for DUIs. (*People v. VanVleck* (2016) 2 Cal.App.5th 355, 365 (*VanVleck*).) The doctrinal basis for that conclusion was not entirely clear. On the one hand, the court stated that it "reconcile[d] the conflict" between the two statutes. (*Id.* at p. 363.) On the other hand, the court followed *State Dept. of Public Health*'s guidance for how to proceed ""'[i]f conflicting statutes cannot be reconciled.'"" (*VanVleck*, *supra*, at p. 365.) The court ultimately concluded that Vehicle Code section 23640 was controlling because it was more specific than section 1001.80. (*VanVleck*, at p. 365.) The Supreme Court granted review in both *Hopkins* and *VanVleck*. (*Hopkins*, *supra*, 2 Cal.App.5th 1275, review granted Nov. 16, 2016, S237734; *VanVleck*, 2 Cal.App.5th 355, review granted Nov. 16, 2016, S237219.) But before the Supreme Court decided either case, the Legislature amended section 1001.80 to provide that military diversion is available for DUIs "[n]otwithstanding any other law, including section 23640 of the Vehicle Code." (§ 1001.80, subd. (*l*).)

8

1001.36 "are unambiguous in their plain language:  One clearly prohibits diversion for defendants charged with DUI offenses, and the other just as clearly allows mental health diversion for any defendant who meets the minimum eligibility requirements (and who is not charged with a disqualifying offense).  When it comes to DUI offenses, Vehicle Code section 23640 prohibits a court from doing what [section 1001.36] permits."  (*Tellez*, at p. 444.)  We concluded that "[t]he two 'statutes are in conflict and thus one must be interpreted as providing an exception to the other.'"  (*Ibid.*)

For purposes of analyzing the conflict with Vehicle Code section 23640, there is no material difference between the language of section 1001.80 (addressed in *Hopkins*), the language of section 1001.36 (addressed in *Tellez*), and the language of section 1001.95.  Under section 1001.80, "a court" is authorized to order diversion for a qualified defendant charged with "a misdemeanor."  Under section 1001.36, diversion is authorized for "a defendant" charged with "a misdemeanor or felony," subject to a short list of exceptions that does not include DUIs.  Under section 1001.95, "[a] judge" is authorized to order diversion for "a defendant" charged with "a misdemeanor," again subject to a short list of exceptions that does not include DUIs.  Thus, just as *Hopkins* and *Tellez* identified an actual, irreconcilable conflict between Vehicle Code section 23640, on the one hand, and sections 1001.80 and 1001.36, on the other, there is also an actual, irreconcilable conflict between Vehicle Code section 23640 and section 1001.95.  *Hopkins* and *Tellez* are impossible to distinguish from the present case in that respect.  Vehicle Code section 23640 unambiguously prohibits what section 1001.80, section 1001.36, and section 1001.95 unambiguously permit.

9

Another way to see that there is an actual, rather than merely apparent, conflict between the statutes and that they therefore cannot be harmonized is to consider the following hypothetical: Suppose that the chronology were reversed, with section 1001.95 enacted before Vehicle Code section 23640. In that case, after the enactment of section 1001.95 but before the enactment of Vehicle Code section 23640, it would be beyond dispute that section 1001.95 unambiguously authorizes diversion for misdemeanor DUIs. By authorizing diversion for "a defendant" charged with "a misdemeanor," it unambiguously authorizes diversion for all misdemeanors, subject to a list of exceptions. DUIs are not on the list of exceptions, so the statute unambiguously authorizes diversion for misdemeanor DUIs. Later, after the enactment of Vehicle Code section 23640, no one would claim that the statutes could be harmonized—section 1001.95 unambiguously authorizes diversion for misdemeanor DUIs, and Vehicle Code section 23640 unambiguously prohibits it. No one would claim that now that Vehicle Code section 23640 has been enacted and we consider it together with section 1001.95, we are able to perceive an ambiguity in section 1001.95 that we had not seen before, so perhaps it does not authorize diversion for misdemeanor DUIs after all. There is no such ambiguity.

For all of the foregoing reasons, I conclude in accord with *Hopkins* and *Tellez* that there is an actual, rather than merely apparent, conflict between Vehicle Code section 23640 and section 1001.95. Both statutes are unambiguous. One prohibits what the other permits. They therefore cannot be harmonized.

10

3.    *Neither Statute Is More Specific, Section 1001.95 Was Enacted Later and*

*Therefore Controls, and the Legislative History Is Uniformly in Accord*

Because Vehicle Code section 23640 and section 1001.95 conflict and cannot be harmonized, we must determine which statute is an exception to the other.  Again, under *State Dept. of Public Health*, a more specific statute controls over a more general one, a later statute controls over an earlier one unless the earlier one is more specific, and our overarching goal is to give effect to the Legislature's intent.  (*State Dept. of Public Health*, *supra*, 60 Cal.4th at pp. 960-961; see also *Tellez*, *supra*, 56 Cal.App.5th at pp. 444-449 [holding that because of certain unique aspects of the legislative history of § 1001.36, it does not control over Veh. Code, § 23640 even though § 1001.36 was enacted later and neither statute is more specific than the other].)

Here, neither statute is more specific than the other.  Vehicle Code section 23640 applies only to DUIs, so in that sense section 1001.95 is more general, because it applies to both misdemeanor DUIs and other misdemeanors.  But section 1001.95 applies only to misdemeanors, so in that sense Vehicle Code section 23640 is more general, because it applies to both misdemeanor DUIs and felony DUIs.  Thus, "unless we are prepared to make an arbitrary choice of focus"—that is, arbitrarily focusing on the distinction between misdemeanor DUIs and other misdemeanors or on the distinction between felony DUIs and misdemeanor DUIs—"the general-versus-specific rule of statutory construction gets us nowhere."  (*Hopkins*, *supra*, 2 Cal.App.5th at p. 1284.)

Until today, every published Court of Appeal opinion concerning the conflict between Vehicle Code section 23640 and section 1001.95 had reached the same

11

conclusion.  (*Grassi, supra*, 73 Cal.App.5th at pp. 306-307; *Tan, supra*, 76 Cal.App.5th at p. 143; *Islas, supra*, 78 Cal.App.5th at p. 1109.)  One published decision of the Appellate Division of the Superior Court agreed as well.  (*Diaz-Armstrong, supra*, 67 Cal.App.5th at p. Supp. 22.)  (Another did not address the issue.  (*Espeso, supra*, 67 Cal.App.5th at p. Supp. 1).)  This court came to the same conclusion concerning Vehicle Code section 23640 and section 1001.36.  (*Moore v. Superior Court* (2020) 58 Cal.App.5th 561, 580 & fn. 10 (*Moore*).)  And *Hopkins* reached the same conclusion concerning Vehicle Code section 23640 and section 1001.80.  (*Hopkins, supra*, 2 Cal.App.5th at pp. 1282-1284.)[2]

Because neither statute is more specific than the other, the later-enacted statute is controlling unless some other indicator of legislative intent demonstrates the contrary. (*State Dept. of Public Health, supra,* 60 Cal.4th at pp. 960-961; *Tellez, supra*, 56 Cal.App.5th at p. 444; see *Lewis v. Ryan* (1976) 64 Cal.App.3d 330, 334.)  Section 1001.95 is therefore controlling because it is the later-enacted statute, and there is no evidence of a contrary legislative intent.  In fact, the legislative history uniformly tends to

---

[2]     *VanVleck* concluded that Vehicle Code section 23640 is more specific than section 1001.80, so Vehicle Code section 23640 is controlling even though section 1001.80 was enacted later.  (*VanVleck, supra*, 2 Cal.App.5th 365.)  *VanVleck* derived its analysis from *People v. Weatherill* (1989) 215 Cal.App.3d 1569 (*Weatherill*), which concerned Vehicle Code section 23640 and a diversion program for developmentally disabled defendants. (*VanVleck*, at p. 365.)  The dissent in *Weatherill*, however, argued that neither statute was more specific than the other (*Weatherill, supra*, at p. 1582 (dis. opn. of Johnson, J.)), and subsequent opinions in this area have adopted the dissent's analysis (*Grassi, supra*, 73 Cal.App.5th at pp. 306-307; *Tan, supra*, 76 Cal.App.5th at p. 143; *Islas, supra*, 78 Cal.App.5th at p. 1109; *Diaz-Armstrong, supra*, 67 Cal.App.5th at p. Supp. 22; *Hopkins, supra*, 2 Cal.App.5th at pp. 1283-1284).

show that the Legislature intended to allow diversion for all misdemeanors other than the exceptions listed in section 1001.95 and that it intended to allow diversion for DUIs in particular.

The case law and the majority opinion extensively describe the legislative history, so there is no need to repeat all of it here. Rather, the following points are sufficient: Section 1001.95 was created by Assembly Bill No. 3234 (2019-2020 Reg. Sess.). The bill's original version of section 1001.95 did not exclude any misdemeanors from diversion. (*Grassi*, *supra*, 73 Cal.App.5th at p. 301.) The Assembly floor analysis for that version of the bill described the limitations of already-existing misdemeanor diversion programs: In addition to imposing certain eligibility requirements on defendants, "[e]xisting misdemeanor diversion has a number of exclusions," such as "certain Vehicle Code offenses." The floor analysis explained that the new misdemeanor diversion program under section 1001.95 would not be so limited: "Unlike existing general misdemeanor diversion, this bill would have no statutory requirements for the defendant to satisfy in order to be eligible nor would any misdemeanors be statutorily excluded." (Assem. Floor Analysis, 3d reading analysis of Assem. Bill No. 3234 (2019-2020 Reg. Sess.) as amended Aug. 3, 2020.)

The bill was amended on August 24, 2020, to exclude the offenses listed in subdivision (e) of section 1001.95. The Assembly floor analysis for the amended bill accordingly explained that section 1001.95 "[a]uthorizes a superior court judge to offer diversion to a person charged with a misdemeanor over the objection of a prosecuting attorney, except that a defendant may not be offered diversion for any of the" offenses

13

listed in subdivision (e).  The discussion in the previous floor analysis of the differences between prior misdemeanor diversion programs and section 1001.95 was carried over into the new floor analysis.  It stated that "certain Vehicle Code offenses" were excluded under existing misdemeanor diversion and that "[u]nlike existing general misdemeanor diversion, this bill would have no statutory requirements for the defendant to satisfy in order to be eligible nor would any misdemeanors be statutorily excluded."  (Assem. Floor Analysis, 3d reading analysis of Assem. Bill No. 3234 (2019–2020 Reg. Sess.) as amended Aug. 24, 2020.)

The Senate Floor Analysis for the final version of Assembly Bill No. 3234 was similar.  It too stated that "[u]nlike existing general misdemeanor diversion, this bill has no statutory requirements for the defendant to satisfy in order to be eligible nor would any misdemeanors be statutorily excluded."  At the same time, it acknowledged that the misdemeanors listed in subdivision (e) of section 1001.95 "cannot be diverted."  (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 3234, as amended Aug. 24, 2020.)

The Orange County District Attorney and the California District Attorneys Association issued floor alerts opposing the bill on various grounds, including that it would allow diversion for DUIs.  (See maj. opn., *ante*, at pp. 37-38.)  During floor debates in both houses, certain individual legislators likewise opposed the bill because it would allow diversion for DUIs.  (*Id.* at pp. 38-39.)  No legislator, floor analysis, or advocacy organization ever asserted that the bill would *not* allow diversion for DUIs, either because of Vehicle Code section 23640 or for any other reason.

14

To summarize:  As originally drafted, section 1001.95 had no exceptions, and the floor analysis confirmed that no misdemeanors were excluded, in contrast to already-existing misdemeanor diversion, which excluded certain Vehicle Code offenses and other crimes.  The exceptions in subdivision (e) of section 1001.95 were then added by amendment, and subsequent floor analyses acknowledged the change while carrying over the prior statements that no misdemeanors were excluded.  The district attorneys and individual legislators opposed the bill because section 1001.95 would allow diversion for DUIs, and no one ever contradicted their interpretation.  All of that legislative history tends to show that the Legislature intended section 1001.95 to authorize diversion for all misdemeanors other than those listed in subdivision (e) and to allow diversion for DUIs in particular.

To be sure, the legislative history could be more explicit.  For example, although (1) the legislators were repeatedly told that the bill would allow diversion for DUIs, (2) the legislators never said or were told anything to the contrary, (3) the statutory text on its face allows diversion for all misdemeanors except those listed in subdivision (e) of section 1001.95, and (4) DUIs are not on that list, it is nonetheless true that no legislator who *supported* the bill ever *said* it would allow diversion for misdemeanor DUIs.  None of them said, "By this legislation we intend to authorize diversion for misdemeanor DUIs," or "We intend to override Vehicle Code section 23640."  Thus, it is conceivable that the legislators who voted for the bill disbelieved the unrefuted district attorneys, the unrefuted opposing legislators, and the bill's unambiguous language, concluding that the bill they were voting for did not allow diversion for misdemeanor DUIs.

15

There is no evidence, however, that the Legislature contained any such skeptics. More broadly, the legislative history contains no evidence that the Legislature did not intend to allow diversion for misdemeanor DUIs under section 1001.95.

In sum, the legislative history contains evidence that the Legislature intended to allow diversion for DUIs under section 1001.95. Although that evidence is not perfectly explicit and conclusive, it is the only evidence we have. *The legislative history contains no conflicting or contrary evidence.* As *Diaz-Armstrong* put it, "[t]hough the indicators found in the legislative history are perhaps sporadic, they are not ambiguous as they all point in the same direction: that the Legislature did not intend to exclude misdemeanor DUIs from section 1001.95 diversion." (*Diaz-Armstrong*, *supra*, 67 Cal.App.5th at p. Supp. 26.)

To summarize the analysis as a whole: Vehicle Code section 23640 and section 1001.95 conflict and cannot be harmonized. We consequently must determine which one is an exception to the other. Neither statute is more specific or more general. Section 1001.95 is the later-enacted statute and therefore controls unless we have some other strong evidence of a contrary legislative intent. We have none. Rather, the legislative history uniformly supports the conclusion that the Legislature intended to allow diversion for misdemeanor DUIs under section 1001.95. Section 1001.95 is therefore controlling and authorizes diversion for misdemeanor DUIs.

4.      *The Case Law*

As the majority opinion emphasizes, "[t]o date, the Court of Appeal has uniformly held that misdemeanor DUI charges are ineligible for diversion under [section 1001.95]."

16

(Maj. opn., *ante*, at p. 3.)  Although mindful that there is no horizontal *stare decisis* in the Court of Appeal (*In re Marriage of Shaban* (2001) 88 Cal.App.4th 398, 409), I also am not eager to be the sole justice parting ways with the position already taken by three unanimous panels.  But I find that I must respectfully disagree with the existing Court of Appeal decisions because I do not find their analysis persuasive.

A.      *Grassi*

*Grassi* was the first Court of Appeal decision to address the conflict between Vehicle Code section 23640 and section 1001.95.  (*Grassi*, *supra*, 73 Cal.App.5th at p. 288.)  The court considered the statutory language (*id.* at pp. 290-293), case law concerning diversion and Vehicle Code section 23640 (*Grassi*, at pp. 293-301), section 1001.95's legislative history (*Grassi*, at pp. 301-302), and canons of statutory construction (*id.* at pp. 305-307).  The court ultimately concluded that Vehicle Code section 23640 and section 1001.95 "can be harmonized to give both effect."  (*Grassi*, at p. 307.)  The court held that "section 1001.95 authorizes diversion for all misdemeanor defendants except those listed in subdivision (e), and misdemeanor DUI defendants pursuant to Vehicle Code section 23640," and the court asserted that its "conclusion does not result in redrafting section 1001.95 to strike a compromise the Legislature did not reach."  (*Id.* at p. 308.)

I believe that the error in *Grassi*'s analysis begins in its discussion of the statutory language.  That discussion contains the following paragraph:  "Both statutes are unambiguous in their plain language.  When it comes to misdemeanor DUI defendants, Vehicle Code section 23640 prohibits a court from doing what [section 1001.95] permits

17

it to do.  '[T]he statutes are in conflict and thus one must be interpreted as providing an exception to the other.'  [*State Dept. of Public Health*, *supra*, 60 Cal.4th at p. 956.]  Is [Vehicle Code] section 23640 an exception to section 1001.95?  Or is section 1001.95 an exception to [Vehicle Code] section 23640?  *Or can we harmonize the statutes to give them both effect?*"  (*Grassi*, *supra*, 73 Cal.App.5th at p. 293, italics added.)

That final question shows that the *Grassi* court failed to appreciate the significance of the conclusions that the court had reached earlier in the same paragraph.  If both statutes are unambiguous (and *Grassi* says they are), and one statute permits what the other prohibits (and *Grassi* says they do), then it is impossible to harmonize them, because harmonization requires interpreting the statutes so as to give full effect to both.  (See *State Dept. of Public Health*, *supra*, 60 Cal.4th at p. 958; *Even Zohar*, *supra*, 61 Cal.4th at p. 838.)  Because the statutes are unambiguous, the statutory language is not susceptible of multiple interpretations.  Because one statute permits what the other prohibits, we cannot give full effect to both.  Harmonization is therefore impossible according to *Grassi*'s own conclusions about the unambiguous meaning of the statutory language.

That initial error—the failure to appreciate that harmonization is impossible because one statute unambiguously prohibits what the other statute unambiguously permits—is pivotal.  If *Grassi* had recognized that harmonization was off the table, *its analysis would no longer have been guided by the presumption against implied repeal*, a presumption that strongly favors the earlier-enacted statute.  Rather, that presumption would have been replaced by a rule that points in precisely the opposite direction,

18

namely, the rule that the later-enacted statute is controlling (unless the earlier-enacted statute is more specific).  (*State Dept. of Public Health*, *supra*, 60 Cal.4th at pp. 960-961.)  The court could also have looked for other evidence of legislative intent.  (*Tellez*, *supra*, 56 Cal.App.5th at p. 444.)  But because the court was purportedly harmonizing the statutes, all of its analysis was colored by the presumption against implied repeal.  In effect, because the court believed it was engaged in harmonization, the presumption against implied repeal placed a thumb on the scale in favor of the earlier-enacted statute.  But if the statutes cannot be harmonized, then the thumb belongs on the other side.

*Grassi*'s explanation of its holding makes clear how that dynamic was dispositive.  The court stated, "Our Supreme Court's instruction that repeal by implication is disfavored is the bedrock of our holding."  (*Grassi*, *supra*, 73 Cal.App.5th at p. 307.)  But because the statutes cannot be harmonized according to *Grassi*'s own analysis of the statutory language, the presumption against implied repeal should have been irrelevant.

The court continued, "As we explain above, the Legislature in enacting section 1001.95 gave no indication it intended to repeal [Vehicle Code] section 23640."  (*Grassi*, *supra*, 73 Cal.App.5th at p. 307.)  But according to *Grassi*'s own analysis of the language of section 1001.95, the Legislature unambiguously authorized diversion for misdemeanor DUIs.  Why is that an insufficient indication of legislative intent?  After all, "the statutory language . . . generally is the most reliable indicator of legislative intent."  (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1369 (*Gutierrez*).)  Again, the court's reasoning makes sense only if driven by the presumption against implied repeal.

19

The court further explained, "We must presume the Legislature was aware of Vehicle Code section 23640, the other diversion statutes, and *Weatherill*, *VanVleck*, and *Hopkins* when it enacted section 1001.95, and concluded it was redundant to expressly exclude misdemeanor DUIs in section 1001.95 in light of [Vehicle Code] section 23640." (*Grassi*, *supra*, 73 Cal.App.5th at p. 307.) But the inclusion of *Hopkins* on that list gives the game away. *Hopkins* held that Vehicle Code section 23640 and section 1001.80 irreconcilably conflict, that section 1001.80 is controlling because it was enacted later, and that section 1001.80 therefore is an exception to Vehicle Code section 23640 and authorizes diversion for DUIs, even though section 1001.80 (at that time) did not mention Vehicle Code section 23640. (*Hopkins*, *supra*, 2 Cal.App.5th at pp. 1282-1284.) If the Legislature was aware of *Hopkins*, why would it think "it was redundant to expressly exclude misdemeanor DUIs in section 1001.95 in light of [Vehicle Code] section 23640"? (*Grassi*, at p. 307.) It would be equally reasonable for the Legislature to conclude that because section 1001.95 unambiguously authorizes diversion for misdemeanor DUIs, the courts will carry out that legislative command, just as *Hopkins* did with respect to section 1001.80 even before it was amended to overrule *VanVleck*. Once again, the *Grassi* court's analysis makes sense only if driven by the presumption against implied repeal.

*Grassi* also notes that "the canon 'the expression of certain things in a statute necessarily involves exclusion of other things not expressed[]'" would appear to compel the conclusion that "section 1001.95 permits diversion for misdemeanor DUI defendants because they are not expressly excluded in subdivision (e)." (*Grassi*, *supra*, 73

20

Cal.App.5th at p. 306.)  But given Vehicle Code section 23640, the court found it "reasonable to conclude the Legislature chose not to include DUIs among the exclusions in subdivision (e) of section 1001.95.  To do so would have amounted to a redundancy." (*Grassi*, at p. 306.)

In my view, that analysis misapplies the canon.  "'Under the maxim of statutory construction, *expressio unius est exclusio alterius*, if exemptions are specified in a statute, we may not imply additional exemptions unless there is a clear legislative intent to the contrary.'"  (*Lopez v. Sony Electronics, Inc.* (2018) 5 Cal.5th 627, 635-636 (*Lopez*).)  In particular, we may not imply additional exemptions "when there is reason to believe a legislative omission was intentional, *such as when the statute contains a 'specific list'* or presents a 'facially comprehensive treatment.'"  (*Id.* at p. 636, italics added.)  In case after case, courts have applied the canon to lists of exemptions and concluded that unlisted exemptions were precluded.  (E.g., *Lopez*, *supra*, at p. 636; *Sierra Club v. State Bd. of Forestry* (1994) 7 Cal.4th 1215, 1230; *Mutual Life Ins. Co. v. City of Los Angeles* (1990) 50 Cal.3d 402, 410; *Wildlife Alive v. Chickering* (1976) 18 Cal.3d 190, 195-196; *S.V. v. Superior Court* (2017) 13 Cal.App.5th 1174, 1182; *In re James H.* (2007) 154 Cal.App.4th 1078, 1083-1084.)

Here, we have a specific list, so we have reason to believe the omission of unlisted offenses was intentional, precluding the addition of any unlisted offenses by implication. The mere existence of Vehicle Code section 23640 is not clear evidence of legislative intent to the contrary.  The "'proper role'" of the *expressio unius* canon is to resolve "'an ambiguity in statutory language or uncertainty in legislative intent.'"  (*State Farm Mutual*

21

*Automobile Ins. Co. v. Garamendi* (2004) 32 Cal.4th 1029, 1046.) The Legislature's intent is (allegedly) uncertain here only because of Vehicle Code section 23640. The existence of Vehicle Code section 23640 cannot both create the uncertainty and resolve it.

Moreover, as already explained, the legislative history suggests that the Legislature intended to make DUIs eligible for diversion under section 1001.95. Courts do not apply the *expressio unius* canon if it defeats an otherwise discernable legislative intent. (*In re J.W.* (2002) 29 Cal.4th 200, 209.) But in this case, both the canon and the legislative history's evidence of legislative intent support the same conclusion: The list of exemptions in subdivision (e) is exclusive, so section 1001.95 authorizes diversion for misdemeanor DUIs.

*Grassi* closes with a candid acknowledgement that "[t]he panel members here can surely imagine writing this opinion the other way, to conclude misdemeanor DUI defendants are eligible for diversion, based on say section 1001.95's plain language (DUIs are not expressly excluded), or the canons of statutory construction, the expression of some things means the exclusion of others (§ 1001.95, subd. (e), provides exclusions but again DUIs are not expressly excluded) or later enacted statutes supersede earlier statutes (the Legislature enacted § 1001.95 in 2020 and Veh. Code § 23640 in 1998)." (*Grassi*, *supra*, 73 Cal.App.5th at p. 308.) But the court then confirmed again that it believed the presumption against implied repeal was controlling: "[A]s we explain above, we follow our Supreme Court's teaching and harmonize the statutes to avoid an implied repeal." (*Ibid.*)

For all of the foregoing reasons, I do not find *Grassi* persuasive. I agree with *Grassi*'s determination that Vehicle Code section 23640 and section 1001.95 are unambiguous and conflict because one permits what the other prohibits. But because the opinion goes on to conclude that the statutes can still be harmonized, it is internally inconsistent. And once that inconsistency is identified, the remainder of the opinion's justifications for its conclusion do not withstand scrutiny.

B.   *Tan*

*Tan*, like *Grassi*, concludes that Vehicle Code section 23640 and section 1001.95 "can be reconciled and that misdemeanor convictions for DUI are not eligible for statutory diversion." (*Tan*, *supra*, 76 Cal.App.5th at p. 134.) Some of the details of *Tan*'s analysis differ from *Grassi*'s, however, so it requires separate consideration.

After quoting subdivisions (a) and (e) of section 1001.95, *Tan* concludes that "[u]nder the plain words of the statute, judges have discretion to offer diversion for misdemeanor offenses over the objection of a prosecuting attorney unless the offense is one of the specifically excluded categories listed in subdivision (e)." (*Tan*, *supra*, 76 Cal.App.5th at p. 137.) The court then quoted Vehicle Code section 23640 and likewise acknowledged that "the clear import of this language is that diversion is categorically unavailable to DUI defendants." (*Tan*, at p. 137.) Thus, "[r]ead separately, the statutes appear to conflict." (*Ibid.*)

But after describing relevant legal principles, including the presumption against implied repeal, the court concluded that the conflict is merely apparent, not real, because "the statutes are not irreconcilable." (*Tan*, *supra*, 76 Cal.App.5th at p. 138.) The court

23

explained that "[n]othing in the language of section 1001.95 suggests that it intended to overrule the prohibition on diversion in DUI cases contained in Vehicle Code section 23640. . . . [S]ection 1001.95 does not make specific reference to Vehicle Code section 23640, nor does it include any other language indicating an intent to establish an exception to [Vehicle Code] section 23640's unambiguous prohibition of diversion in all DUI cases." (*Ibid.*)

There are two ways of reading those claims. On the one hand, they might mean that nothing in the language of section 1001.95 indicates the Legislature intended to authorize diversion for misdemeanor DUIs. (See *Tan*, *supra*, 76 Cal.App.5th at p. 139 ["nothing in § 1001.95 indicates an affirmative intent to allow misdemeanor diversion for DUIs"].) On that reading, the claims are incorrect, as *Tan*'s own analysis of the statutory language shows. The plain language of subdivision (a) of section 1001.95 authorizes diversion for misdemeanor offenses other than those excluded by subdivision (e). (*Tan*, at p. 137.) DUIs are not excluded by subdivision (e), so the plain language of subdivision (a) unambiguously authorizes diversion for misdemeanor DUIs. Statutory language that unambiguously authorizes diversion for misdemeanor DUIs indicates that the Legislature intended to authorize diversion for misdemeanor DUIs. (*Gutierrez*, *supra*, 58 Cal.4th at p. 1369 [statutory language is the most reliable indicator of legislative intent].) Thus, on this reading, it is not true that "[n]othing in the language of section 1001.95 suggests that it intended to overrule the prohibition on diversion in DUI cases contained in Vehicle Code section 23640." (*Tan*, at p. 138.) Nor is it true that the language does not show "an intent to establish an exception to [Vehicle Code] section 23640's unambiguous

24

prohibition of diversion in all DUI cases." (*Ibid.*)  Rather, the statutory language does show the Legislature intended to overrule and create an exception to that prohibition, because the statutory language unambiguously authorizes diversion for misdemeanor DUIs.

On the other hand, *Tan*'s claim that nothing in the language of section 1001.95 indicates legislative intent to overrule Vehicle Code section 23640 might mean the language does not indicate that, when enacting section 1001.95, the Legislature *had Vehicle Code section 23640 in mind and consciously intended to overrule it*.  If that is what the claim means, then it is irrelevant.

One way to see this is by considering the following hypothetical:  Suppose section 1001.95 had been enacted without subdivision (e) and hence without any exceptions.  The statute thus would have unambiguously authorized diversion for all misdemeanors.  Suppose further that not a single member of the Legislature that enacted it was thinking of Vehicle Code section 23640 at the time.  Indeed, suppose that—contrary to the general presumption that the Legislature is aware of existing laws (*People v. Frahs* (2020) 9 Cal.5th 618, 634)—none of them had ever heard of Vehicle Code section 23640 or had any idea that there was a general statutory ban on diversion for DUIs.  Under those circumstances, the language of section 1001.95 would still unambiguously authorize diversion for all misdemeanors and hence for misdemeanor DUIs.  The legislators' ignorance of Vehicle Code section 23640 or inattention to it would not render the language of section 1001.95 ambiguous.  We would therefore have an irreconcilable

conflict between the two statutes and would have to proceed accordingly. Harmonization would not be an option.

If we change the hypothetical to include the list of exceptions in subdivision (e) of section 1001.95, the result is the same. The plain language of the statute still unambiguously authorizes diversion for all misdemeanors except those listed in subdivision (e). Because DUIs are not listed in subdivision (e), the statute unambiguously authorizes diversion for misdemeanor DUIs. Again, the Legislature's ignorance of or inattention to Vehicle Code section 23640 would not make any difference or render subdivision (a) of section 1001.95 ambiguous. The plain language of section 1001.95 would still mean what it means, and harmonization would still be impossible.

For all of these reasons, *Tan*'s harmonization analysis falters at the first step. The claim that "[n]othing in the language of section 1001.95 suggests that it intended to overrule the prohibition on diversion in DUI cases contained in Vehicle Code section 23640" (*Tan*, *supra*, 76 Cal.App.5th at p. 138) is either false or irrelevant. Section 1001.95 unambiguously authorizes diversion for misdemeanor DUIs. The absence of an explicit reference to Vehicle Code section 23640 (or to DUIs) does not render the statutory language ambiguous and thus susceptible of harmonization with Vehicle Code section 23640. Rather, the irreconcilable conflict with Vehicle Code section 23640 remains.

*Tan* next observes that the absence of a phrase like "notwithstanding other provisions of law" in section 1001.95 "suggests the Legislature did not intend to abrogate existing law excluding DUI cases from eligibility for diversion." (*Tan*, *supra*, 76

26

Cal.App.5th at p. 138.)  *Diaz-Armstrong* addressed that argument by noting that section 1001.95 also does not "signal deference or subjection to otherwise applicable law, which the Legislature also knows how to draft."  (*Diaz-Armstrong*, *supra*, 67 Cal.App.5th at p. Supp. 21.)  For example, the Legislature could have included a phrase like "subject to other provisions of law," but it did not.  *Diaz-Armstrong* concluded that the absence of any such qualifiers ("notwithstanding" or "subject to") in section 1001.95 tells us nothing (*ibid.*), and I agree.  *Tan* does not mention that analysis and contains no counterargument.

*Tan* further argues that even though DUIs "are not listed among the excluded offenses . . . in subdivision (e)," it is not "clear" that misdemeanor DUIs are eligible for diversion under section 1001.95 because "nothing in the language of subdivision (e) indicates that the list of offenses is exclusive."  (*Tan*, *supra*, 76 Cal.App.5th at p. 139.)

Here too, there are two ways of understanding the claim that the list of exceptions in subdivision (e) of section 1001.95 is not exclusive.  If the claim means just what it says—subdivision (e)'s list of exceptions to diversion is not an exclusive list—then where subdivision (e) says "[a] defendant may not be offered diversion pursuant to this section for any of the following current charged offenses," what it means is:  "A defendant may not be offered diversion pursuant to this section for certain offenses, including but not limited to the following."  Such an interpretation of the statute would be absurd.  It would mean that in subdivision (a) of section 1001.95 the Legislature authorized diversion for all misdemeanors, but in subdivision (e) of the same statute the Legislature said that diversion would be prohibited for some misdemeanors and gave a few examples.  If that were what section 1001.95 means, then for any misdemeanor not

27

listed in subdivision (e) it would be impossible to determine whether it was eligible for diversion. Such an interpretation would obviously render the statute nonsensical. (*Lopez v. Ledesma* (2022) 12 Cal.5th 848, 858-859 [statutory interpretations that lead to absurd results are to be avoided].)

*Tan* does not, of course, adopt such an interpretation. Instead, *Tan* holds "that section 1001.95 allows a judge to grant misdemeanor diversion in his or her discretion except when a defendant has been charged with a DUI or one of the offenses listed in section 1001.95, subdivision (e)." (*Tan*, *supra*, 76 Cal.App.5th at p. 151.) That is, according to *Tan*, section 1001.95 authorizes diversion for all misdemeanors except those listed in subdivision (e) and DUIs. On *Tan*'s interpretation, then, the list of exceptions in subdivision (e) actually is exclusive—it excludes every misdemeanor other than DUIs. Thus, *Tan*'s harmonizing interpretation of section 1001.95 is not that the list of exceptions in subdivision (e) is not exclusive, but rather that the exclusive list in subdivision (e) is missing one item: DUIs. *Grassi*'s interpretation is identical. (*Grassi*, *supra*, 73 Cal.App.5th at p. 308 ["We hold section 1001.95 authorizes diversion for all misdemeanor defendants except those listed in subdivision (e), and misdemeanor DUI defendants pursuant to Vehicle Code section 23640"].)

There are at least two problems with *Tan*'s interpretation. First, as already discussed, it violates the *expressio unius* canon. (See *ante,* at pp. 20-21.) *Tan* never mentions that canon.

Second, if *Tan*'s interpretation constituted a valid harmonization of section 1001.95 with Vehicle Code section 23640, then literally any two statutes could be

28

harmonized.  All that one would need to do is interpret one statute as including something that its text does not contain, namely, an exception for application of the other statute. That is what *Tan*'s interpretation does.  If such "harmonization" were permissible, then there would be no irreconcilable statutory conflicts.  But there are (see, e.g., *State Dept. of Public Health*, *supra*, 60 Cal.4th at pp. 958, 960), so *Tan*'s approach must be unsound.

In reality, *Tan*'s interpretation does not harmonize the two statutes.  Rather, it "create[s] an exception the Legislature did not enact" (*Lopez*, *supra*, 5 Cal.5th at p. 636) and thereby "redraft[s] the statutes to strike a compromise that the Legislature did not reach" (*State Dept. of Public Health*, *supra*, 60 Cal.4th at p. 956).  The same is true of *Grassi*, *Islas*, and today's majority and concurring opinions.

The remainder of *Tan*'s analysis does not require extensive discussion, because all of it flows from *Tan*'s conclusion that the statutes can be harmonized and, relatedly, from the presumption against implied repeal.  For example, *Tan* finds no "clarity" or "persuasive evidence" in the legislative history.  (*Tan*, *supra*, 76 Cal.App.5th at pp. 140, 142.)  But that is only because *Tan*, like *Grassi*, has allowed the presumption against implied repeal to put the thumb on the wrong side of the scale.  (See *ante,* at p. 18.)

*Tan* also contains an extended critique of *Diaz-Armstrong*.  (*Tan*, *supra*, 76 Cal.App.5th at pp. 144-148.)  But *Tan* never mentions the critical first step in *Diaz-Armstrong*'s analysis, namely, its holding that section 1001.95 and Vehicle Code section 23640 irreconcilably conflict and therefore cannot be harmonized.  (*Diaz-Armstrong*, *supra*, 67 Cal.App.5th at pp. Supp. 21-22.)  That omission vitiates *Tan*'s entire critique. *Tan* of course disagrees with that first step.  But if *Diaz-Armstrong* is right that the

29

statutes cannot be harmonized, then *Tan* provides no reason to believe that the remainder of *Diaz-Armstrong*'s analysis is unsound.

*Tan*'s descriptions of *Hopkins* and *Tellez* are similarly incomplete and misleading. Those cases held that Vehicle Code section 23640 irreconcilably conflicts with section 1001.80 (*Hopkins*, *supra*, 2 Cal.App.5th at p. 1283) and section 1001.36 (*Tellez*, *supra*, 56 Cal.App.5th at p. 444). *Tan* never mentions those holdings. (*Tan*, *supra*, 76 Cal.App.5th at pp. 149-150.) As a result, *Tan* never explains how its harmonizing interpretation is consistent with *Hopkins* and *Tellez*. In my view, it is not. (See *ante,* at pp. 6-9.)

For all of the foregoing reasons, I do not find *Tan*'s analysis persuasive. It purports to harmonize Vehicle Code section 23640 and section 1001.95, but (1) it does not identify any relevant ambiguity in the statutory language, (2) it never mentions the *expressio unius* canon, and (3) it reconciles the two statutes in a manner that would allow any two conflicting statutes to be harmonized, namely, by rewriting one of them to include an exception for the other.

C.    *Islas*

*Islas* expressly "agree[s] with the reasoning" of *Grassi* and *Tan*. (*Islas*, *supra*, 78 Cal.App.5th at p. 1107.) Most of the opinion's discussion merely summarizes and adopts *Tan*'s analysis. (*Islas*, at pp. 1108-1110.) It consequently does not require separate treatment.

30

D.    *The Appellate Division Cases*

*Espeso* was the first appellate decision to address the conflict between Vehicle Code section 23640 and section 1001.95.  Like *Grassi*, *Tan*, and *Islas*, it concluded that the two statutes could be harmonized and that misdemeanor diversion is available "in all cases, *except* the ones specifically listed in section 1001.95, subdivision (e) . . . *and* driving under the influence cases as provided in Vehicle Code section 23640, subdivision (a)."  (*Espeso*, *supra*, 67 Cal.App.5th at p. Supp. 9.)  Its analysis was expressly driven by the presumption against implied repeal (see, e.g., *id.* at p. Supp. 6), and its discussion contains no points that I have not already addressed.

*Diaz-Armstrong* is the only appellate decision to hold that Vehicle Code section 23640 and section 1001.95 irreconcilably conflict and that section 1001.95 is controlling.  (*Diaz-Armstrong*, *supra*, 67 Cal.App.5th at pp. Supp. 21-22.)  I agree with its analysis in its entirety.

The dissent in *Diaz-Armstrong* concludes that the statutes can be harmonized because the list of exceptions in subdivision (e) of section 1001.95 is not exclusive.  (*Diaz-Armstrong*, *supra*, 67 Cal.App.5th at pp. Supp. 29-30 (dis. opn. of Firetag, J.).)  Like *Espeso*, it contains no points that I have not already addressed.

5.    *The Majority Opinion*

The majority opinion concludes, like *Grassi*, *Tan*, *Islas*, *Espeso*, and the *Diaz-Armstrong* dissent, that Vehicle Code section 23640 and section 1001.95 can be harmonized and that section 1001.95 does not authorize diversion for misdemeanor DUIs.  (Maj. opn., *ante*, at pp. 4-5.)  The opinion's analysis, however, differs in

31

significant ways from prior cases. In particular, the majority opinion expressly declines to follow this court's opinion in *Tellez*, and the majority opinion holds, contrary to *Grassi*, *Tan*, and *Islas*, that Vehicle Code section 23640 is more specific than section 1001.95 and is therefore controlling.

The majority opinion recognizes that *Tellez* held that Vehicle Code section 23640 and section 1001.36 irreconcilably conflict and therefore cannot be harmonized. (Maj. opn., *ante*, at pp. 18-19, 31.) The majority opinion also recognizes that, for purposes of evaluating the conflict with Vehicle Code section 23640, the language of section 1001.36 is not materially distinguishable from the language of section 1001.95. (Maj. opn., *ante*, at p. 32.) Thus, *Tellez* would appear to compel the conclusion that Vehicle Code section 23640 and section 1001.95 irreconcilably conflict as well. *Tan* and *Islas* never addressed that issue because neither case mentioned that *Tellez* held that Vehicle Code section 23640 and section 1001.36 cannot be harmonized. *Grassi* never addressed the issue either, even though it briefly acknowledged that *Tellez* held the statutes "conflicted." (*Grassi*, *supra*, 73 Cal.App.5th at p. 296.)

The majority opinion solves the problem by declining to follow *Tellez*, expressly concluding that, contrary to *Tellez*, section 1001.36 can be harmonized with Vehicle Code section 23640. According to the majority opinion, "[i]nterpreting [sections 1001.36 and 1001.95] as subject to Vehicle Code section 23640's preexisting ban on any form of pretrial diversion for DUI charges gives full effect to all of the provisions of both

32

diversion statutes and Vehicle Code section 23640. Nothing in either diversion statute prohibits this construction." (Maj. opn., *ante*, at pp. 32-33.)[3]

Putting aside the majority opinion's treatment of this court's precedent, the central question remains: Can section 1001.95 and Vehicle Code section 23640 be harmonized? On that issue, the majority opinion relies on two arguments that I have already addressed. First, the majority opinion observes that section 1001.95 does not state that the list of exemptions in subdivision (e) is exclusive, and the opinion concludes that it is not. (Maj. opn., *ante*, at pp. 27, 30.) I have already addressed that argument (see *ante,* at pp. 26-28), and the majority opinion's presentation of it does not include anything calling for additional analysis.

Second, the majority opinion follows *Tan* in relying on the absence of a "notwithstanding other law" clause in section 1001.95. (Maj. opn., *ante*, at p. 27.) But the majority opinion also follows *Tan* in failing to mention, let alone rebut, *Diaz-Armstrong*'s refutation of that argument. (See *ante,* at pp. 25-26; *Diaz-Armstrong*, *supra*, 67 Cal.App.5th at p. Supp. 21.) Again, no additional analysis is required.

---

**3.** In so doing, the majority opinion also declines to follow this court's opinion in *Moore*, although the majority opinion discusses *Moore* in a manner that tends to cloud the issue. The majority opinion states that *Moore* "did not address whether the statutes conflicted or could be harmonized" (maj. opn., *ante*, at p. 33), thereby suggesting that *Moore* left open the possibility that section 1001.36 and Vehicle Code section 23640 could be harmonized. That is not correct. Although *Moore* does not expressly state that the statutes cannot be harmonized, *Moore* does expressly "adopt *Tellez*'s reasoning." (*Moore*, *supra*, 58 Cal.App.5th at p. 575.) Determining whether the statutes can be harmonized is necessarily the first step in the analysis, so *Moore* necessarily adopts *Tellez*'s holding that the statutes cannot be harmonized.

The majority opinion does, however, contain at least one new argument. In explaining why its harmonizing interpretation is fully consistent with the authorization for misdemeanor diversion in subdivision (a) of section 1001.95, the majority opinion argues as follows: "Diversion is still allowed for 'a misdemeanor' except as specified in [section 1001.95] and in Vehicle Code section 23640. [Section 1001.95] does not state that it applies to 'any misdemeanor' except as specified; if it did, that would make its text inconsistent with the text of Vehicle Code section 23640." (Maj. opn., *ante*, at pp. 27-28.) That is, harmonization is possible because subdivision (a) authorizes diversion for "a misdemeanor" rather than for "any misdemeanor."

The argument is meritless. In English, when a noun phrase begins with an indefinite article ("a" or "an"), the phrase might be universal—meaning "all" or "any" or "every"—or it might be particular—meaning "one" or "at least one" or "there is at least one" or "some." We routinely rely on context to disambiguate. "My neighbor bought an electric car" means my neighbor bought *one* (or perhaps at least one) electric car. But "You do not put gas in an electric car" means you do not put gas in *any* electric car. The same dual uses of the indefinite article occur when the noun phrase is the subject rather than the object of the sentence. "An airplane has wings" means any airplane has wings (or every airplane has wings or all airplanes have wings). "An airplane broke the sound barrier" means one (or at least one or some) airplane broke the sound barrier. The phenomenon is ubiquitous, and any English speaker accurately interprets such phrases instantly and effortlessly, without even thinking about it. Linguists would point out that

34

my description of the function of noun phrases with indefinite articles is somewhat

oversimplified, and it is.  But for purposes of this case, it is sufficient.

Subdivision (a) of section 1001.95 provides as follows:  "A judge in the superior

court in which a misdemeanor is being prosecuted may, at the judge's discretion, and

over the objection of a prosecuting attorney, offer diversion to a defendant pursuant to

these provisions."  Any English speaker reading that sentence understands that all of the

noun phrases beginning with indefinite articles are universal.  Where the sentence says

"[a] judge in the superior court," it is unambiguously authorizing *any* judge in the

superior court to offer diversion.  Where the sentence authorizes diversion over the

objection of "a prosecuting attorney," it is unambiguously referring to *any* prosecuting

attorney.  Where the sentence authorizes diversion for "a defendant pursuant to these

provisions," it is unambiguously authorizing diversion for *any* defendant pursuant to

these provisions.  And where the sentence refers to a judge in a court where "a

misdemeanor is being prosecuted," it is unambiguously referring to *any* misdemeanor.[4]

The majority opinion's defense of its putative harmonization of Vehicle Code

section 23640 and section 1001.95 therefore fails.  According to the majority opinion,

harmonization is possible because subdivision (a) of section 1001.95 says "a

misdemeanor" instead of "any misdemeanor"; if it said "any misdemeanor," then

---

**4.**     Similar noun phrases are used in section 1001.80 ("a case," "a court," "an accusatory pleading," "a misdemeanor") and section 1001.36 ("an accusatory pleading," "a misdemeanor," "a defendant"), all with the same universal meaning.  The same is true of Vehicle Code section 23640 ("a person," "a violation").  If "a person" and "a violation" in Vehicle Code section 23640 did not carry the universal meaning that they plainly do, there would not be even an appearance of conflict with the diversion statutes.

harmonization would be impossible.  (Maj. opn., *ante*, at pp. 27-28.)  But the phrase "a misdemeanor," as used in subdivision (a) of section 1001.95, means "any misdemeanor."  (If the majority opinion interprets it to mean something else, the majority opinion never says what that might be.)  Thus, by the majority opinion's own reasoning, harmonization is impossible.

The majority opinion contains several other points that should be addressed or highlighted.  First, the majority opinion argues that its interpretation does not violate the *expressio unius* canon because "we are not implying an additional exemption for misdemeanor DUI charges into Penal Code section 1001.95, subdivision (e).  Instead, we are reconciling Vehicle Code 23640's longstanding prohibition on diversion for misdemeanor DUI charges with Penal Code section 1001.95's ostensibly nonexclusive list of exempted misdemeanor charges, blending them together, and giving full effect to both."  (Maj. opn., *ante*, at p. 30.)

The argument is meritless because the majority opinion's statement that "we are not implying an additional exemption for misdemeanor DUI charges into [section 1001.95], subdivision (e)" (maj. opn., *ante*, at p. 30) is incorrect.  Subdivision (a) of section 1001.95 authorizes diversion for all misdemeanors "pursuant to these provisions." Subdivision (e) provides a list of exemptions, and DUIs are not on the list.  But the majority opinion holds that section 1001.95 authorizes diversion for all misdemeanors except those listed in subdivision (e) *and DUIs*.  It follows that the majority opinion is implying an additional exemption for misdemeanor DUIs.  The majority opinion's denial of that fact is inexplicable.

36

Second, the majority opinion acknowledges that the legislative history "suggests that the Legislature intended to permit diversion for misdemeanor DUI charges under [section 1001.95]." (Maj. opn., *ante*, at p. 40.) The majority opinion therefore concedes that the legislative history "might be sufficient to establish that [section 1001.95] was intended to prevail over Vehicle Code section 23640, if the statutes irreconcilably conflicted." (*Ibid.*) But because the majority opinion concludes that the statutes can be harmonized and interpretation of the statutes is therefore guided by the presumption against implied repeal, the majority opinion holds the legislative history to a higher standard. (*Id.* at p. 41.) Applying that heightened standard, the majority opinion finds the legislative history "permit[s] competing inferences" and therefore is insufficient to rebut the presumption against implied repeal. (*Ibid.*)

I disagree with the ultimate conclusion, but I agree with the majority opinion's acknowledgement of the crucial role played by the initial determination that the statutes can be harmonized. Once we make that determination, we are forced to view the legislative history through the prism of the presumption against implied repeal. As a result, all of the evidence that the Legislature intended to authorize diversion for misdemeanor DUIs can, with effort, be explained away. We can always come up with "competing inferences." (Maj. opn., *ante*, at p. 41.) But if we recognize that the statutes cannot be harmonized, then we are freed from the presumption against implied repeal, and the legislative history appears in a completely different light. All of it tends to show that the Legislature intended to authorize diversion for misdemeanor DUIs. None of it tends to show the contrary. Because we are no longer trying to find irrefutable evidence

37

to rebut a presumption but rather are simply trying to figure out what the Legislature intended, we find that the legislative history speaks with more than sufficient clarity: The Legislature intended to authorize diversion for misdemeanor DUIs.

Third, the majority opinion contains a complex argument concerning legislative intent and legislative silence. The majority opinion begins by distinguishing between legislative intent *to authorize diversion for misdemeanor DUIs* and legislative intent *to partially repeal Vehicle Code section 23640*. The majority opinion acknowledges that the legislative history shows that legislators who voted to enact section 1001.95 understood "that *the bill* did not exempt misdemeanor DUI charges from diversion, and therefore, that misdemeanor DUI charges would be eligible for diversion under *the bill*." (Maj. opn., *ante*, at p. 42.) But the majority opinion argues that "[t]his understanding is distinct from a legislative intent to partially repeal Vehicle Code section 23640. As far as the Legislature knew when it voted to enact the bill, existing law did not prohibit diversion for DUI charges." (*Id.* at p. 42.) "No one said the bill would partially repeal Vehicle Code [section] 23640, or existing law," so there is no evidence "that the Legislature intended to partially repeal Vehicle Code section 23640 when it enacted [section 1001.95]." (*Id.* at p. 43.)

The majority opinion then connects that conclusion with broader concerns about the integrity of the legislative process. Because neither the text of section 1001.95 nor its legislative history expressly refers to Vehicle Code section 23640 or a preexisting ban on diversion for DUIs, "an implied repeal of Vehicle Code section 23640 would be based on legislative silence." (Maj. opn., *ante*, at p. 43.) And the majority opinion contends that

"[t]he problem with implied repeals based on silence is that they allow Legislatures to repeal older statutes enacted by majorities of prior Legislatures without necessarily having majority support in the current Legislature for repealing the older statutes." (*Id.* at p. 44.) That is, we know that the older statute was passed by a legislative majority, but because the newer statute does not explicitly target the older statute and thereby express a conscious intent to repeal it, we do not know that such an explicit repeal could have garnered majority support. As a result, "[i]mplied repeals based on silence" create the risk that the work of a legislative majority will be undone by less-than-majority support in a subsequent legislature. (*Ibid.*)

It is not clear what role any of that argumentation is supposed to play in the analysis. First, the argument has no tendency to show that section 1001.95 is or is not ambiguous, or that it can or cannot be harmonized with Vehicle Code section 23640. Second, if the statutes cannot be harmonized, then the point of the argument appears to be that the earlier statute should control unless it is explicitly targeted for repeal by the later statute. But that would be contrary to the doctrinal framework of *State Dept. of Public Health* and related Supreme Court case law, under which (1) there is no such requirement for an explicit repeal, and (2) the later-enacted statute is controlling unless it is less specific. (See *State Dept. of Public Health*, *supra*, 60 Cal.4th at pp. 960-961.) We are bound by that case law. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) Third, if the statutes *can* be harmonized, then the point of the argument appears to be that implied repeals by silence should be disfavored. But we already knew that

39

harmonization is guided by the presumption against implied repeal, and every implied repeal is an implied repeal by silence. That is what makes it *implied*.

In sum, it appears that the argument either is contrary to binding precedent or adds nothing to the analysis. Nonetheless, the argument's reflections on the legislative process and legislative intent warrant a response, because I believe they impose an unjustified requirement of *explicitness* while neglecting the significance of *lack of ambiguity*, and they thereby exaggerate the immutability of a statute like Vehicle Code section 23640.

As I explained in my discussion of *Tan*, if section 1001.95 had been enacted without subdivision (e) and thus without any exceptions, it would unambiguously and irreconcilably conflict with Vehicle Code section 23640. As the later-enacted statute, section 1001.95 would be controlling (unless Veh. Code, § 23640 were more specific, which every court before today has concluded it is not). Moreover, section 1001.95 would be controlling and therefore partially repeal Vehicle Code section 23640 even though it contained no explicit reference to Vehicle Code section 23640. In this way, when statutes irreconcilably conflict, existing legal doctrine actually *favors* implied repeals by making the later-enacted statute controlling.

All of those conclusions remain unchanged even if the legislative history never mentions Vehicle Code section 23640 or an existing prohibition on diversion for DUIs, and even if no legislator who voted for section 1001.95 had ever heard of Vehicle Code section 23640 or was aware that there was a general statutory ban on diversion for DUIs. The majority opinion's distinction between legislative intent *to authorize diversion for misdemeanor DUIs* and legislative intent *to partially repeal Vehicle Code section 23640*

40

is therefore of no consequence. If section 1001.95 unambiguously authorizes diversion for misdemeanor DUIs, then it irreconcilably conflicts with Vehicle Code section 23640 and is controlling because it was enacted later.

The rule that the later-enacted statute is controlling is not an arbitrarily chosen tiebreaker. Rather, as *Diaz-Armstrong* cogently explains, the rule "reflects a deeper, more fundamental concept, that the dead hand of a past legislative session does not constrict the freedom of the current Legislature to enact laws consistent with contemporary public policy. With limited exception (see Cal. Const., art. II, § 10, subd. (c) [limitations on amending initiative statutes]), long-standing statutes do not derive their force merely from their venerability; they derive it primarily from the sufferance of the current Legislature. '[A]n act of one legislature is not binding upon, and does not tie the hands of future legislatures. [Citation.] . . . [¶] ". . . The legislature . . . cannot declare in advance the intent of subsequent legislatures or the effect of subsequent legislation upon existing statutes,'" and so '"the later law prevails as the last expression of the legislative will . . . .""' (*Diaz-Armstrong*, *supra*, 67 Cal.App.5th at p. Supp. 22.)

Vehicle Code section 23640 is not enshrined in the California Constitution. Nor is it a fundamental principle of criminal law that has been embedded in our legal system since 1872. (Cf. *People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 198-199 [declining to find an implied repeal of the rule that error in a criminal case is not reversible unless it prejudiced the defendant's substantial rights]; *In re Christian S.* (1994) 7 Cal.4th 768, 771 [declining to find an implied repeal of the doctrine of imperfect self-defense].) It is just a statute like any other, and it (or rather its predecessor) was

41

enacted in the 1980s. (*Tellez*, *supra*, 56 Cal.App.5th at p. 443.) The Legislature is free to override or repeal it in whole or in part, explicitly or implicitly, using any language of the Legislature's choosing. The Legislature does not have to mention Vehicle Code section 23640 or DUIs, and it is not our place to impose such a drafting requirement.

For all of the foregoing reasons, I believe the majority opinion's reflections on the legislative process and legislative intent are not only unhelpful but also misguided. Although undoubtedly well-intended, they have the pernicious consequence of licensing judicial defiance of the legislative will.

Finally, the majority opinion recognizes that the rule that the more specific statute controls over the more general one does not apply if the statutes can be harmonized. (Maj. opn., *ante*, at p. 46; see *Tan*, *supra*, 76 Cal.App.5th at p. 143.) But the majority opinion holds that if Vehicle Code section 23640 and section 1001.95 could not be harmonized, the result in this case would be the same, because Vehicle Code section 23640 is the more specific statute and therefore is controlling. (Maj. opn., *ante*, at pp. 45-47.) In so concluding, the majority opinion conflicts with *Grassi*, *Tan*, and *Islas*, all of which concluded that either statute could be regarded as more specific, depending upon an arbitrary choice of focus. (*Grassi*, *supra*, 73 Cal.App.5th at pp. 306-307; *Tan*, *supra*, 76 Cal.App.5th at p. 143; *Islas*, *supra*, 78 Cal.App.5th at p. 1109.) As explained earlier, I agree with the cases' reasoning on that point. (See *ante,* at pp. 11-12.)

The majority opinion rejects that reasoning because earlier cases like *Hopkins* considered diversion programs that targeted specific types of defendants, such as United States military personnel. Thus, in those cases the diversion statute was more specific if

one focused on the type of defendant, but Vehicle Code section 23640 was more specific if one focused on the charged offense, namely, DUI. The majority opinion concludes that because section 1001.95 is not limited to a specific type of defendant, and Vehicle Code section 23640 is limited to a specific charge, Vehicle Code section 23640 is more specific. (Maj. opn., *ante*, at pp. 46-47.)

The majority opinion's argument fails because the conclusion that Vehicle Code section 23640 is more specific still depends on an arbitrary choice of focus, as explained earlier. (See *ante,* at pp. 11-12.) Vehicle Code section 23640 is more specific in that it applies only to DUIs, but it is more general in that it applies to both felonies and misdemeanors. Section 1001.95 is more specific in that it applies only to misdemeanors, but it is more general in that it applies to both DUIs and other misdemeanors. Consequently, "the general-versus-specific rule of statutory construction gets us nowhere." (*Hopkins*, *supra*, 2 Cal.App.5th at p. 1284.)

For all of the foregoing reasons, I conclude that the majority opinion provides no additional support for *Grassi*, *Tan*, and *Islas*'s conclusion that Vehicle Code section 23640 and section 1001.95 can be harmonized. On the contrary, the majority opinion actually supports the opposite conclusion by recognizing that if subdivision (a) of section 1001.95 said "any misdemeanor" instead of "a misdemeanor," harmonization would be impossible. As used in subdivision (a) of section 1001.95, "a misdemeanor" unambiguously means "any misdemeanor," so harmonization is indeed impossible.

43

6.      *The Concurrence*

According to the concurrence, section 1001.95 and Vehicle Code section 23640 can be "reconcile[d]" "by applying the principle that a specific statement from the Legislature typically controls over a conflicting general statement." (Conc. opn., *ante*, at p. 1.) I find the concurrence unpersuasive for several reasons.

First, as already noted, the rule that the more specific statute controls over the more general applies only when the two statutes cannot be reconciled. (Maj. opn., *ante*, at p. 46; *Tan*, *supra*, 76 Cal.App.5th at pp. 142-143; *People v. Wheeler* (1992) 4 Cal.4th 284, 293 ["The principle that a specific statute prevails over a general one applies only when the two sections cannot be reconciled."].) That makes sense, because if the statutes can be reconciled, then neither controls over the other—both statutes are given full effect. Accordingly, the majority opinion holds that the statutes can be reconciled but, in the alternative, if they could not be reconciled, then Vehicle Code section 23640 would control because it is more specific. (Maj. opn., *ante*, at pp. 45-47.) I disagree with that analysis (because the statutes cannot be reconciled and neither is more specific), but I recognize that it is consistent with applicable legal doctrine, including binding Supreme Court precedent. The concurrence, in contrast, concludes that the statutes can be reconciled because Vehicle Code section 23640 is more specific and therefore controls. For the reasons just given, that position is doctrinally incoherent and therefore unpersuasive.

Second, the concurrence opens with the following example of "how we naturally read language": "If one park sign states, 'food and drinks allowed' and one next to it

44

states, 'no alcoholic beverages,' their language technically conflicts as to whether a parkgoer can open a bottle of wine. But any picnicker understands the signs as meaning that they cannot do so. One sign gives a general green light to eating and drinking, and the other prohibits some specific items. Their commands technically conflict, but we easily read them together, understanding that they express different levels of intent about what is allowed in the park." (Conc. opn., *ante*, at p. 1.) The concurrence concludes that the same "natural reading reconciles" section 1001.95 with Vehicle Code section 23640. (*Ibid.*)

The analysis fails because the concurrence misunderstands its own example. First, some background: As explained earlier, a noun phrase beginning with an indefinite article can have what I described as a universal or a particular meaning, and we generally rely on context to disambiguate. (*Ante,* at p. 33.) A noun or noun phrase with no article can manifest the same ambiguity, and we again rely on context to disambiguate. "Airplanes can fly faster than the speed of sound" does not mean they all can, but "airplanes have two wings" means they all do.

In the concurrence's example, the sign that says "food and drinks allowed" exhibits the same ambiguity. It might mean "all food and drinks allowed," or it might mean "some food and drinks allowed" (which is equivalent to "not all food and drinks prohibited"). To the extent a picnicker might be tempted to interpret it the first way, as allowing absolutely any food and drinks, the sign saying "no alcoholic beverages" should convince them to resist that temptation. The first sign means that *some* food and drinks

are allowed, but it does not mean they *all* are. The picnicker's interpretation thus reconciles the two signs by resolving a genuine ambiguity in the first one.

But suppose we modify the example to remove the ambiguity, so the first sign expressly states "all food and drinks allowed," and the second sign says "no alcoholic beverages." Can the signs now be reconciled? Obviously not. The first sign unambiguously allows all beverages, and the second sign unambiguously prohibits alcoholic beverages. When it comes to alcoholic beverages, it is impossible to give full effect to both signs. Still, the prudent picnicker would probably decide that, all things considered, one should not bring alcoholic beverages to that park. But in so doing, the picnicker would decide that the second sign overrides the first and operates as an exception to it. The picnicker would not thereby reconcile the signs, interpreting them in such a way as to dispel the apparent conflict. No such interpretation is possible.

As previously explained, the parallel issue in this case is whether the phrase "a misdemeanor" in subdivision (a) of section 1001.95 means "any misdemeanor." (See *ante,* at pp. 33-34.) Any English speaker knows that it does, and no one (*Grassi*, *Tan*, *Islas*, the majority opinion, or the concurrence) has ever offered an alternative interpretation. Subdivision (a) of section 1001.95 is therefore materially distinguishable from the "food and drinks allowed" sign in the concurrence's example, and it is materially indistinguishable from the "all food and drinks allowed" sign in my modification of that example.

The concurrence's mistaken analysis of its own example is its only defense of the claim that Vehicle Code section 23640 and section 1001.95 can be reconciled. I consequently remain unconvinced that harmonization is possible.[5]

Third, most of the concurrence's discussion is based on cases applying "a doctrine often referred to as the *Williamson* rule, based on . . . *In re Williamson* (1954) 43 Cal.2d 651, 654 (*Williamson*). Under the *Williamson* rule, if a general statute includes the same conduct as a special statute, the court infers that the Legislature intended that conduct to be prosecuted exclusively under the special statute." (*People v. Murphy* (2011) 52 Cal.4th 81, 86 (*Murphy*).) For example, under the *Williamson* rule, when a defendant gives law enforcement a false report of vehicle theft, a "felony conviction under a general statute governing the offering of a false instrument for filing in a public office ([§ 115, subd. (a)]) is precluded by special statutes in the Vehicle Code that make it a misdemeanor to make or file a false report of vehicle theft (Veh. Code, § 10501, subd. (a)) or to file a false statement with the Department of Motor Vehicles (Veh. Code, § 20)." (*Murphy*, *supra*, at pp. 84-85.) Similarly, in *Williamson* the issue was whether a conspiracy to violate Business and Professions Code section 7028 could be prosecuted under the general prohibition on criminal conspiracies in section 182 or only under Business and Professions Code section 7030, a specific prohibition on conspiracy to

---

[5]. The concurrence also "disagree[s] with the dissent's view that whether the general statement includes the word 'all' determines how we read a conflicting specific statement." (Conc. opn., *ante*, at p. 2, fn. 1.) This dissent expresses no such view.

47

violate certain provisions of the Business and Professions Code. (*Williamson*, *supra*, at pp. 653-654.)

Although the *Williamson* rule has been described "as an aid to judicial interpretation when two statutes conflict" (*People v. Walker* (2002) 29 Cal.4th 577, 586), a *Williamson* rule case does not involve conflicting statutes in the sense at issue here or in *State Dept. of Public Health*. In a *Williamson* rule case, the same conduct is punishable under two different statutes, and the issue is whether one of the statutes should be treated as exclusive. The issue is not that it appears to be impossible to give full effect to both statutes. Rather, one could give full effect to both statutes by allowing the conduct to be punished under both, but the issue is whether the Legislature intended that it be punished under only one.

This is not a *Williamson* rule case. The issue here is not that the same conduct is punishable under two different statutes and we need to decide whether one statute was intended to be exclusive. The issue is that Vehicle Code section 23640 and section 1001.95 appear to conflict irreconcilably—it appears to be impossible to give full effect to both, because one unambiguously prohibits what the other unambiguously permits. Because the *Williamson* rule is irrelevant, so is the bulk of the concurrence's discussion.

Fourth and finally, the concurrence echoes the majority opinion's discussion of the legislative process, legislative intent, and implied repeals. (Conc. opn., *ante*, at pp. 2-3; see maj. opn., *ante*, at pp. 43-44.) In the same vein, the concurrence expresses the view that the Legislature can partially repeal Vehicle Code section 23640 only by explicitly targeting it; merely enacting a statute that unambiguously conflicts with Vehicle Code

48

section 23640 is not enough. (Conc. opn., *ante*, at p. 3 ["a specific statutory command should be met with a specific repeal"]; *id.* at p. 8 [Veh. Code, § 23640 "requires [the Legislature] to face the issue of whether it wants DUI diversion and, if so, how"].) I addressed those issues in my discussion of the majority opinion (*ante,* at pp. 38-40), and the concurrence does not add anything warranting separate treatment.

7.     *Conclusion*

For all of the foregoing reasons, I do not find the case law, the majority opinion, or the concurrence persuasive. In my view, their analyses suffer from readily identifiable defects. All of them purport to harmonize section 1001.95 with Vehicle Code section 23640 but do so in a manner that would allow any two conflicting statutes to be harmonized, namely, by interpreting one of them as including an unstated exception for the other. Some of the opinions are internally inconsistent (e.g., holding that the statutes are unambiguous and that one prohibits what the other permits but that they can still be harmonized). Some fail to address applicable canons of statutory construction (e.g., *expressio unius*). Some fail to address rebuttals to their own arguments (e.g., *Diaz-Armstrong*'s treatment of the absence of a "notwithstanding" clause in section 1001.95). All of them hold that section 1001.95 and Vehicle Code section 23640 can be harmonized, but none of them identifies any ambiguity in the statutory language. The closest that any of them comes is the majority opinion's observation that subdivision (a) of section 1001.95 says "a misdemeanor" rather than "any misdemeanor." But the argument goes nowhere because, as used in subdivision (a) of section 1001.95, "a misdemeanor" means "any misdemeanor," and the majority opinion never offers an

49

alternative interpretation. Elsewhere, the majority opinion concedes "that the statutes are unambiguous when viewed separately from each other" (maj. opn., *ante*, at p. 26), but it never identifies any ambiguity that surfaces when the statutes are considered together.

California's district attorneys told the Legislature that section 1001.95 would authorize diversion for DUIs and therefore should not be enacted. The Legislature enacted it anyway. Having lost in the Legislature, the district attorneys concluded that section 1001.95 does not authorize diversion for DUIs after all, and they turned to the courts to give them the victory they were unable to secure in the Legislature. With the exception of the excellent majority opinion in *Diaz-Armstrong*, one court after another has acquiesced.

In so doing, the courts have declined, on no sound basis that I can identify, to give effect to the Legislature's unambiguous statutory command that diversion under section 1001.95 be available for all misdemeanors other than those listed in subdivision (e). I conclude that the petition should be denied, and I therefore respectfully dissent.

MENETREZ                    

J.

50